SAMUEL HARRIMAN, an Infant, by EDMUND HARRIMAN, His Guardian ad Litem, Respondent, *v.* NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Appellant.

SAMUEL M. HARRIMAN, Respondent, *v.* NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Appellant.

(Argued March 21, 1930; decided May 6, 1930.)

*Evan Hollister* for appellant. In the absence of any evidence that any defect in the traveled portion of the private road was the proximate or even contributing cause of the accident, it was error for the trial court to deny the defendant's motion for a dismissal of the complaints. (*Powers* v. *N. Y. C. R. R. Co.*, 60 Hun, 19; *Welsh* v. *Cornell*, 168 N. Y. 508; *Crofoot* v. *Syracuse, B. & N. Y. R. R. Co.*, 75 App. Div. 157; *Delaware, L. & W. R. R. Co.* v. *Koske*, 279 U. S. 7.) The complaints should be dismissed upon the merits because, as a matter of law, the plaintiffs were using the private roadway as licensees and not as invitees, at the time of the accident.

(*Meiers* v. *Koch Brewery*, 229 N. Y. 10; *Lamore* v. *Crown Point Iron Co.*, 101 N. Y. 391; *Cornell* v. *Skaneateles R. Co.*, 15 N. Y. Supp. 581.)

*Dana L. Spring* for respondents. The defendant owed the plaintiffs the duty of reasonable care. (*Prince* v. *N. Y. C. R. R. Co.*, 14 N. Y. Supp. 817; *Cotton* v. *N. Y., L. & W. R. R. Co.*, 20 N. Y. Supp. 347; Elliott on Railroads [2d ed.], § 1151; *Smith* v. *N. Y. C. R. R. Co.*, 63 N. Y. 58; *Miller* v. *Harvester Co.*, 193 App. Div. 258; Wharton on Negligence [2d ed.], § 437; *Wallace* v. *Casey Co.*, 132 App. Div. 40; *Glanzer* v. *Sheppard*, 233 N. Y. 236; *Marks* v. *Nambil Realty Co., Inc.*, 245 N. Y. 256; *Skuse* v. *Erie*, 217 App. Div. 818; Thompson on Negligence, vol. 2, § 1502.) The plaintiff were rightfully using the road.) (*Meiers* v. *Koch Brewery*, 229 N. Y. 10.)

HUBBS, J. Anthony Pfohl is the owner of a farm in Erie county. The dwelling and other buildings are upon the south side of the highway and about three hundred feet therefrom. Years ago the railroad company constructed its road between the buildings and the highway. It also constructed a crossing over its tracks and a roadway leading to the highway. The tracks of the railroad were laid on an embankment and it was necessary also to construct the roadway on an embankment. The roadway embankment was constructed of cinders. It was elevated twelve feet above the natural level of the ground in order to reach the grade of the railroad and was about thirteen feet wide on top. For years the roadway so constructed had been used by the occupants of the farm and those having occasion to go from the farm to the highway. The railroad company maintained it and had made some improvements upon it. The sectionmen placed cinders on it. It was not an ordinary farm crossing, constructed by a railroad company to enable a farmer to carry on his farm work by going from one part of his

farm to another. It was a crossing and road constructed for an entirely different purpose — to enable the farmer and others rightfully there to come and go between the farm and the main highway as had been done before the railroad was constructed. It is the only way from the buildings to the highway.

A few years ago the rails of the railroad were elevated and the railroad company at that time placed cinders on the roadway to bring it up to the new level of the railroad.

In November, 1927, Edmund Harriman, who lived on an adjoining farm, drove in a light truck across lots over a private lane from his farm to the farm dwelling in question. He was accompanied by his infant nephew, one of the plaintiffs. His purpose was to borrow a milk can. It appears that it was a custom for those neighbors to borrow implements, tools, etc., from each other. He was informed by Mr. Pfohl that the milk can which he wanted was at another neighbor's, who lived on the main highway, and he was instructed to go there and get it. He proceeded over the roadway in question toward the highway. Immediately after his truck passed over the railroad tracks, the left rear wheel cut into the soft cinders, the bank cut off, and the truck went over the embankment. The infant plaintiff was injured and has recovered a verdict. His father has recovered a verdict for expenses incurred by him growing out of his son's injury. On several other occasions vehicles had gone off the embankment. We have reached the conclusion that the question of the defendant's negligence and of the plaintiff's freedom from negligence was properly submitted to the jury.

It is urged by the appellant that the infant plaintiff was a bare licensee upon the roadway and that the only duty which the appellant owed to him was not to willfully injure him. We think the appellant has mistaken the ground upon which liability is predicated.

While the record does not disclose the reason why the

railroad constructed the crossing and roadway, it must be assumed that it was under some obligation to do so, either under the statute requiring railroad companies to construct farm crossings (*Buffalo Stone & Cement Co.* v. *D., L. & W. R. R. Co.*, 130 N. Y. 152) or because of a covenant to that effect contained in the grant of the right of way. (*Prince* v. *N. Y. C. & H. R. R. R. Co.*, 38 N. Y. St. Repr. 793.)

Acting under its obligation, it constructed the roadway on an embankment from the highway to its tracks. It knew that its embankment and tracks cut off the access from the farm buildings to the highway. It actively interfered and changed natural conditions by constructing the embankment, not upon its own land, but upon the land of its grantor. It knew that the only way that its grantor and those lawfully going and coming to and from the highway to the farm could proceed would be over the roadway which it undertook to construct. After its construction, it undertook to maintain it. The jury has found, upon sufficient evidence, that it constructed and maintained it in an unsafe and negligent manner. When the defendant undertook to carry out its obligation to construct and maintain a roadway, the law placed upon it the duty of performing the obligation with reasonable care. To construct and maintain it so that it should be reasonably safe for travel in the ordinary way by those who were lawfully using it was the measure of its duty.

The duty of an actor to exercise care in the performance of an obligation due to another may inure to a third person under certain circumstances. The principle has been recognized and enforced by the courts in this State ever since the decision of *Thorne* v. *Deas* (4 Johns. 84), and was well established in England long before that time. (*Coggs* v. *Bernard*, 2 Ld. Raym. 909; 1 Street, Foundations of Legal Liability, 186.)

The principle has been applied in various situations.

The manufacturer of personal property who has reason to believe that the property will probably be used by others than his vendee without testing it is under a legal duty to manufacture with reasonable care, so that third persons will not be injured because of the negligent construction of the article manufactured. The duty to use care in manufacturing may extend beyond the immediate purchaser. (*MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382; *Rosebrock* v. *General Electric Co.*, 236 N. Y. 227.) One who builds a scaffold for another may be liable to a third person injured while using it, because of its negligent construction. (*Devlin* v. *Smith*, 89 N. Y. 470.) An independent contractor owes to the employees of other contractors working on the same structure the duty of exercising care in performing his work if it is of such a nature that it probably will be a source of danger to other employees while lawfully engaged in work on the structure. (*McGlone* v. *Angus, Inc.*, 248 N. Y. 197.) Chief Judge CARDOZO has collated many cases involving the principle in his opinion in *Glanzer* v. *Shepard* (233 N. Y. 236).

We have reached the conclusion that the jury was justified in finding that if the defendant, in view of the situation, had exercised the care of an ordinarily prudent person, it would have apprehended that the probable result of its negligent construction and maintenance of the roadway would be injury to persons lawfully suing it.

The judgment in each action should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgments affirmed.