THOMAS MULROY v. A. F. WRIGHT.[1]

December 24, 1931.

No. 28,655.

[1] Reported in 240 N. W. 116.

*Christensen & Ronken,* for appellant.
*Richard Manahan,* for respondent.

WILSON, C. J.

Defendant appealed from an order denying his alternative motion for judgment non obstante or a new trial.

Defendant is the clerk of the city of Rochester and as such is the custodian of the city's records, including those showing special assessments.

The representative of an estate sold plaintiff certain city real estate for $5,000 and agreed to furnish an abstract of good title. He ordered the abstract from an abstracter and procured the usual official certificates to accompany the same. This included a certificate of defendant as to special assessments, for which the abstracter paid defendant 25 cents and which amount he in turn collected from his employer. The certificate showed there were no special assessments. The deal was closed in the fall of 1928. About May 1, 1929, plaintiff discovered that there was an unpaid special assessment in the sum of $214.80, which he then paid. The assessment appeared upon the records in defendant's office. The certificate was untruthful. Plaintiff, now seeking to recover from defendant, was given a directed verdict.

There is authority to the effect that where an abstracter has committed a breach of duty in the preparation of his work he is liable to the person employing him but not to a third person relying on his certificates. Anno. 34 A. L. R. 68. To mitigate the rigor of this rule some courts have held that where the abstracter knows the purpose of the abstract his liability extends to the third party. Anno. 34 A. L. R. 71. In some states statutes have been enacted

imposing liability for damage proximately caused to any person for such errors. This includes third persons relying upon an incorrect abstract. Anno. 34 A. L. R. 73. See also Anno. 68 A. L. R. 376; International Products Co. v. Erie R. Co. 244 N. Y. 331, 155 N. E. 662, 56 A. L. R. 1377. As to the suggestion of the contractual obligation, see Wilson v. Oliver Costich Co. Inc. 231 App. Div. 346, 247 N. Y. S. 131.

"The manufacturer of an automobile, who purchases the wheels from a reputable maker, is liable to one who purchases a car from a retailer, for injury caused by collapse of a wheel because of defects which would have been discovered by reasonable inspection." MacPherson v. Buick Motor Co. 217 N. Y. 382, 111 N. E. 1050, Ann. Cas. 1916C, 440, L. R. A. 1916F, 696.

This principle was announced in the early cases of Thomas v. Winchester, 6 N. Y. 397, 57 Am. D. 455, and Devlin v. Smith, 89 N. Y. 470, 42 Am. R. 311. In these cases and in the many cases cited therein, knowledge of defendant is emphasized; and the thought seems to be that when one assumes to act and knows that others will act in reliance upon such conduct the law imposes a duty. We have committed ourselves to this liberal doctrine. Ellis v. Lindmark, 177 Minn. 390, 225 N. W. 395; Tiedje v. Haney, 184 Minn. 569, 239 N. W. 611, and cases cited; 14 Minn. Law Rev. 306. The question involves proximate cause. Green, Rationale of Proximate Cause, § 3, p. 28.

Defendant, in making this certificate, knew that someone was expected to rely thereon. His want of knowledge of the identity of the person for whose benefit the service was procured is immaterial. The undertaking to make such a certificate was an assumption to do it correctly. He was the official and presumably understood his official records. He was in a position to know the truth. His certificate would be readily accepted. Indeed, the seller had no particular use of the certificate except to furnish it to the buyer as a representation of what it purported to show. Defendant knew the purpose of the certificate.

Where one undertakes to discharge any duty by which the conduct of others may be governed, he is bound to perform it in such a manner that those who are thus led to action in the faith that such duty will be properly performed shall not suffer loss through improper performance of the duty or neglect in its execution.

It is the rule that where a person, within whose special province it lies to know a particular fact, has given an erroneous answer to an inquiry made in regard to it by a person desirous of ascertaining the fact for the purpose of determining his course accordingly, he should be held bound to make good the assurance he has given. Derry v. Peek, L. R. 14 App. Cas. 337.

Appellant urges that the court take a stand either on contract or tort. Though the transaction had its origin in a contract, the one wronged may have a contractual remedy and yet he may also have a remedy for a violation of duty. The latter is the basis of recovery in this action, which sounds in tort even though a contract was involved.

In Glanzer v. Shepard, 233 N. Y. 236, 135 N. E. 275, 23 A. L. R. 1425, plaintiff accepted and relied upon the certificate of a public weigher as to the weight of 905 bags of beans which he bought. The actual weight was less than certified by 11,854 pounds. Plaintiff sought to recover the overpayment of $1,261.26. Among other things the court stated [236 N. Y. 238, 240, 241, 242]:

"We think the law imposes a duty toward buyer as well as seller in the situation here disclosed. The plaintiffs' use of the certificates was not an indirect or collateral consequence of the action of the weighers. It was a consequence which, to the weighers' knowledge, was the end and aim of the transaction. * * * The defendants held themselves out to the public as skilled and careful in their calling. They knew that the beans had been sold, and that on the faith of their certificate payment would be made. They sent a copy to the plaintiffs for the very purpose of inducing action. All this they admit. In such circumstances, assumption of the task of weighing was the assumption of a duty to weigh carefully for the benefit of all whose conduct was to be governed. We do not need

to state the duty in terms of contract or of privity. Growing out of a contract, it has none the less an origin not exclusively contractual. Given the contract and the relation, the duty is imposed by law. * * * Constantly the bounds of duty are enlarged by knowledge of a prospective use. * * * The casual response, made in mere friendliness or courtesy * * * may not stand on the same plane, when we come to consider who is to assume the risk of negligence or error, as the deliberate certificate, indisputably an 'act in the law', * * * intended to sway conduct. Here the defendants are held not merely for careless words, * * * but for the careless performances of a service—the act of weighing—which happens to have found in the words of a certificate its culmination and its summary. * * * Diligence was owing, not only to him who ordered, but to him also who relied."

Glanzer v. Shepard, 233 N. Y. 236, 135 N. E. 275, 23 A. L. R. 1425, has frequently been cited with approval. Cole v. Vincent, 229 App. Div. 520, 242 N. Y. S. 644; Ultramares Corp. v. Touche, 229 App. Div. 581, 243 N. Y. S. 179; Id. 255 N. Y. 170, 174 N. E. 441, 74 A. L. R. 1139; H. R. Moch Co. Inc. v. Rensselaer Water Co. 247 N. Y. 160, 159 N. E. 896, 62 A. L. R. 1199; Doyle v. Chatham & P. Nat. Bank, 253 N. Y. 369, 171 N. E. 574, 71 A. L. R. 1405; Harriman v. N. Y. C. & St. L. R. Co. 253 N. Y. 398, 171 N. E. 686.

We conclude, both upon principle and authority, that a public official who issues his certificate, as here involved, knowing and intending that someone else rely thereon, owes him a duty imposed by law, though he deals only with the seller, and that a breach of such duty will render him liable for loss thereby inflicted upon the buyer.

Affirmed.