ARTHUR SODERMAN, Respondent, v. STONE BAR ASSOCIATES INC., Appellant-Respondent, and McHARMA CONSTRUCTION COMPANY, INC., Appellant.— In an action to recover damages for personal injuries brought by an employee of a subcontractor on a building under construction against the general contractor, Stone Bar Associates, Inc., and another subcontractor, McHarma Construction Company, Inc., a cross complaint was served by Stone Bar on McHarma for judgment over. The jury rendered a verdict in favor of the employee against Stone Bar and McHarma. The parties having stipulated to leave to the court the disposition of the cross pleadings, the court granted judgment in favor of Stone Bar against McHarma. McHarma appeals from the judgment entered thereon, and Stone Bar appeals from said judgment insofar as it is against Stone Bar. Judgment unanimously affirmed, with one bill of costs to respondent, payable by appellant and appellant-respondent, and with costs to appellant-respondent, payable by appellant. Respondent, an iron worker, was carrying a steel beam along the top of an uncompleted concrete wall. Pockets or apertures had been left in the wall to accommodate steel beams which were to be installed by respondent and his fellow employees. Respondent stepped on some dry bricks which had been piled up in one of the pockets to a level with the top of the existing wall. The bricks gave way causing respondent to fall and sustain severe injuries. There was evidence that the bricks had been placed in the pocket by employees of the appellant McHarma 11 days prior to the accident. There was also evidence from which the jury could have found that appellant McHarma should have anticipated the presence of ironworkers on the wall at the time of the accident. Under such circumstances said appellant owed a duty to the employees of other contractors to exercise reasonable care in the performance of its work, to avoid the creation of a condition dangerous to such other employees. (Cf. *Harriman v. New York, Chicago & St. Louis R. R. Co.*, 253 N. Y. 398.) Likewise the general contractor, appellant-respondent Stone Bar, owed a nondelegable duty to maintain the premises in a reasonably safe condition for the benefit of those performing work on the premises, and to make such inspections for such purpose as a reasonably prudent person charged with a similar responsibility would have made under the circumstances disclosed. (Cf. *Wohlfron v. Brooklyn Edison Co.*, 238 App. Div. 463, affd. 263 N. Y. 547.) In our opinion the finding implicit in the verdict that appellant and appellant-respondent had breached their duty to respondent is amply sustained by the evidence. Pursuant to a stipulation made upon the trial permitting him to determine the facts and the law, with respect to the cross complaint, the Trial Justice found upon sufficient evidence that the negligence of McHarma was active and that of Stone Bar was passive. Judgment over on the cross complaint was therefore properly granted. (*Tipaldi v. Riverside Memorial Chapel*, 273 App. Div. 414, affd. 298 N. Y. 686.) Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.