## NORTHERNAIRE PRODUCTIONS, INC., AND OTHERS v. COUNTY OF CROW WING AND OTHERS.

244 N. W. 2d 279.

July 16, 1976—Nos. 45473, 46152.

*Blethen, Ogle, Gage & Krause* and *Bailey W. Blethen*, for appellants.

*Stephen C. Rathke*, County Attorney, for respondent county.

*John E. MacGibbon*, for respondent Ross Kunkel.

*Ryan, Ryan, Ebert & Ruttger* and *Robert J. Ryan*, for respondents Joe DeRosier and John P. Sullivan.

Heard before Rogosheske, MacLaughlin, and Marsden, JJ., and considered and decided by the court en banc.

DAVID E. MARSDEN, JUSTICE.*

These appeals present the question whether county officials may be held liable in damages when they negligently misrepresent the legal requirements of their zoning ordinance to members of the public who rely on that misrepresentation. We hold that the county officials are not liable.

Plaintiffs planned a rock music festival to be scheduled for September 2, 1973, at the Donnybrooke Speedway, located a few miles north of Brainerd in Crow Wing County. They allege that they met on July 10, 1973, with Ross Kunkel, chairman of the Crow Wing County Board of Commissioners; Joe DeRosier, chairman of the Crow Wing County Planning and Zoning Commission; and John P. Sullivan, a member of the Planning and Zoning Commission and principal draftsman of the applicable zoning ordinance. Plaintiffs further allege that they asked these county officials if they were required under the zoning ordinance to obtain a permit for the proposed rock concert, that they were advised by these officials that no permit was required, and that in reliance on this advice they expended approximately $75,000 in promoting and preparing for the festival.

On or about August 7, 1973, plaintiffs were informed that a permit was required and it was apparent that none would be is-

---

* Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

sued. On August 13, 1973, the county initiated legal proceedings to enjoin plaintiffs from holding the rock festival without a permit. An injunction was issued on August 28, 1973.

Plaintiffs then brought this action for damages against the county officials as individuals and against the county as vicariously liable. The trial court granted summary judgments dismissing the complaint as to all defendants. We affirm this result. Because we hold that plaintiffs had no cause of action against the individual officials, it is unnecessary to consider whether the county might have been vicariously liable.

It is clear from plaintiffs' answers to interrogatories that the officials did not promise on behalf of the county to permit the rock festival. Rather, they advised plaintiffs that, as they interpreted the zoning ordinance, no permit would be required. Therefore, this is not a contract case and plaintiffs' arguments based on promissory estoppel, quasi-contract, and breach of implied warranty of authority are inapposite.

The issue presented here is whether, assuming as we must that the allegations of their complaint are true, plaintiffs have a cause of action in tort for negligent misrepresentation. The individual defendants argue that they partake of quasi-judicial immunity and, further, that misrepresentation of law is not actionable. Because of our disposition of this case, we need not decide whether the furnishing of advice concerning permit requirements is a function requiring independence of judgment and protected by quasi-judicial immunity.

We have recognized a cause of action against a city employee for negligent misrepresentation of a matter of fact. In Mulroy v. Wright, 185 Minn. 84, 240 N. W. 116 (1931), a city clerk was held liable to the purchaser of real estate who relied on the clerk's erroneous certification that no special assessments were outstanding.

However, the alleged misrepresentation by the county officials in the case at bar concerned interpretation of the zoning ordinance, a matter of law. Generally, misrepresentation of law is

not actionable. 8A Dunnell, Dig. (3 ed.) § 3825. Some commentators have criticized this rule. We have followed the general rule, but have carved out exceptions in Stark v. Equitable Life Assurance Soc. 205 Minn. 138, 143, 285 N. W. 466, 469 (1939), where we stated:

"Misrepresentations of law are treated as are misrepresentations of fact in at least two types of cases: (a) Those in which the person misrepresenting the law is learned in the field and has taken advantage of the solicited confidence of the party defrauded, and (b) those in which the person misrepresenting the law stands with reference to the person imposed upon in a fiduciary or other similar relation of trust and confidence."

The first exception is obviously not applicable here because there is no allegation that the individual defendants took advantage of or personally benefited from plaintiffs' reliance on their advice. Accordingly, the issue is narrowed to whether county officials have a fiduciary obligation toward persons seeking their advice concerning matters in their general area of responsibility.

Ordinarily, the existence of a fiduciary relationship would be a question for the trier of fact and summary judgment would be erroneous. Murphy v. Country House, Inc. 307 Minn. 344, 240 N. W. 2d 507 (1976). In affirming dismissal of this complaint, we hold as a matter of law that these individual defendants, solely by virtue of their offices and in the absence of other facts evidencing an intent to assume such an obligation, owe no fiduciary duty to members of the public when giving advice.

Our holding is based on considerations of public policy. There is no dispute that the alleged misrepresentations were made in a good-faith effort to respond to plaintiffs' inquiries. Plaintiffs concede that defendants acted without malice or intent to deceive. To subject county officials to the prospect of liability for innocent misrepresentation would discourage their participation in local government or inhibit them from discharging responsibilities inherent in their offices. Their reluctance to express opin-

ions would frustrate dialogue which is indispensable to the ongoing operation of government.

We will continue to allow a cause of action against government officers and employees for negligent misrepresentation of fact because other public policy considerations are more compelling in that context. Members of the public have no other access to factual information maintained by the government except through government officers and employees. Therefore, the policy of promoting accuracy through the prospect of tort liability outweighs the possibility of inhibiting performance of duties of office or employment.

The plaintiffs here had alternative means of obtaining an interpretation of the zoning ordinance, either by consulting an attorney or by applying to the full County Planning and Zoning Commission for a formal interpretation pursuant to established procedures. Since plaintiffs could have obtained an authoritative interpretation without relying on the informal representations of these individual defendants, the dominant policy consideration, in our view, is to encourage participation in government by such officials rather than sanction tort liability to ensure access to accurate advice.

Having determined that the individual defendants are not liable, we do not consider whether the doctrine of equitable estoppel would create liability as to the county.

Affirmed.

MR. CHIEF JUSTICE SHERAN took no part in the consideration or decision of this case.