Raymond GATZ and Patricia Gatz, Appellants,

v.

FRANK M. LANGENFELD AND SONS CONSTRUCTION, INC., et al., Respondents.

No. C7–84–1140.

Court of Appeals of Minnesota.

Oct. 23, 1984.

Tim D. Wermager, Hastings, for appellants.

James B. Storkamp, Hastings, for respondents.

Considered and decided by FOLEY, P.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Vendees appeal a summary judgment holding that statutory cancellation of a contract for deed terminated their right to bring an action for rescission. We affirm.

## FACTS

In July 1981, Raymond and Patricia Gatz (vendees) signed a contract for deed to buy land from Frank M. Langenfeld and Sons Construction Company (vendor) for $23,-000. They intended to establish a horse breeding farm on the property.

Vendees allege that they were induced to buy the property by fraudulent representations by vendor's realtor that they could keep horses there. They found out shortly after the contract was signed that a zoning ordinance prohibited horses. Then vendor allegedly assured them that the ordinance would not be enforced if neighbors consented to the animals.

Vendees unsuccessfully tried to get a zoning variance. After the variance was denied, they cancelled plans to build, and listed the property for sale. Vendees continued to make monthly payments. But they were financially unable to make the

balloon payment of $18,000 due in July 1983.

Vendor filed notice of statutory cancellation. Vendees subsequently brought an action for rescission and unsuccessfully sought to stay the cancellation proceedings. After the statutory cancellation was completed the trial court granted summary judgment against vendees.

## ANALYSIS

It is long-standing law in Minnesota that once statutory notice has been served and cancellation effected, all rights under a contract for deed are terminated. *Zirinsky v. Sheehan*, 413 F.2d 481, 484 (8th Cir.), *cert. denied*, 369 U.S. 1059, 90 S.Ct. 754, 24 L.Ed.2d 753 (1969); *West v. Walker*, 181 Minn. 169, 171, 231 N.W. 826, 827 (1930); *Olson v. Northern Pacific Railway Co.*, 126 Minn. 229, 230–31, 148 N.W. 67, 68 (1914). Once a contract for deed is terminated any cause of action based on the contract terminates. Therefore, the trial court did not err in holding that statutory cancellation of a contract for deed precludes an action for rescission. One cannot rescind a contract no longer in existence.

Vendees urge this court to treat their action for "rescission and restitution" as an unjust enrichment claim. Statutory cancellation does not preclude a suit for unjust enrichment by a defaulting vendee. *Zirinsky*, at 488. Unjust enrichment suits have been likened to suits for rescission based upon fraud in the inducement of the contract. *Id.*

However, even if we construe the pleadings as a claim for unjust enrichment, vendees are not entitled to relief.

In Minnesota, to prove a prima facie case of fraud, it must be shown that there was a false representation by a party of a past or existing material fact susceptible of knowledge, made with knowledge of the falsity of the representation, or made as of his own knowledge without knowing whether it was true or false, with intention to induce another to act in reliance thereon, and the representation caused the other party to act in reliance thereon to his pecuniary damage. *Dollar Travel Agency, Inc. v. Northwest Airlines*, 354 N.W.2d 880 (Minn.Ct.App. 1984); *Burns v. Valene*, 298 Minn. 257, 261, 214 N.W.2d 686, 689 (1974).

Vendees do not allege misrepresentations of material fact. Vendor's alleged statement that the zoning ordinance would not be enforced was merely a prediction. A faulty prediction concerning future acts or events does not constitute fraud. *Cady v. Bush*, 283 Minn. 105, 109, 166 N.W.2d 358, 361 (1969). A party cannot justifiably rely upon conjecture about future events. Furthermore, there was no actual reliance upon the assurance of non-enforcement since it was made after the contract was signed.

The realtor's alleged misrepresentation concerned the interpretation of the zoning ordinance, a matter of law. Misrepresentations of law are not actionable. *Northernaire Productions, Inc. v. County of Crow Wing*, 309 Minn. 386, 388–89, 244 N.W.2d 279, 281 (1976).

Vendees' unjust enrichment claim ultimately rests upon the premise that it is unfair that they have nothing to show for an investment of approximately $8,000. But the principle of unjust enrichment should not be invoked merely because a party made a bad bargain. *Cady*, 283 Minn. at 110, 166 N.W.2d at 362.

There was no actionable fraud in this case. Vendees learned that they could not keep horses on the property shortly after the purchase. Despite the alleged misrepresentations, they continued to make payments on the property. They did not raise fraud claims until two years later when they were financially unable to make the balloon payment. Under such circumstances vendees are not entitled to equitable relief.

## DECISION

We affirm the trial court's summary dismissal of vendees' claim for "rescission and restitution."