**Travis D. HENRY, et al., Appellants,**

v.

**Richard SCHULTZ, et al., Respondents.**

**No. C2–87–41.**

Court of Appeals of Minnesota.

June 23, 1987.

George C. Hoff, David M. Anderson, Hoff & Allen, Eden Prairie, for appellants.

Richard D. Berens, Johnson, Berens & Wilson, Fairmont, for respondents.

Heard, considered and decided by LANSING, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

HUSPENI, Judge.

Appellant Travis Henry appeals from a judgment in a declaratory relief action denying rescission of a contract for deed and purchase agreement entered into with respondent Richard Schultz. Henry argues that the trial court's findings of fact are clearly erroneous. We affirm.

## FACTS

In the fall of 1982, appellant Henry entered into negotiations for purchase of a business from respondent Schultz. They entered into a purchase agreement on October 20, 1982, and on November 13, 1982, they executed a contract for deed. A $23,000 down payment was made, and Henry later made an additional $10,000 payment required by the contract to be made within 180 days of the contract date. He made monthly payments until December of 1983.

After Henry ceased making the payments, Schultz contacted his attorney for advice. Several options were discussed, including cancellation of the contract for deed. The attorney also suggested that Henry could convey his interest in the property to Schultz in lieu of cancellation in order to avoid the statutory 60 day notice requirement for cancellation. The parties discussed the options and entered into an agreement on March 30, 1984. The agreement called for Henry to quit claim his interest in the real estate to Schultz and to execute a bill of sale to Schultz for the personal property. These documents were executed. The agreement also provided that Schultz would own and operate the business and that for eight months the parties would attempt to sell the business. The agreement indicated that in the event of a sale, Schultz would receive $165,000, the balance remaining on the land contract with Henry. Any amount over that figure would go to Henry. The final clause in the agreement stated that it expired on January 1, 1985.

The parties were unable to find a buyer, and on January 2, 1985, Henry demanded to re-enter the business. Schultz refused. Henry commenced this action for declaratory relief, arguing that the contract for deed and purchase agreement should be rescinded and his money refunded. He contends that Schultz had made material misrepresentations of unreported income during the purchase negotiations and that he had relied upon those misrepresentations in deciding to purchase the business. He also argues that the contract was null and void because Schultz had failed to provide com-

plete records of income and expenses for 1982, as required by the purchase agreement and contract for deed.

The trial court found that the contract had been terminated by the March 1984 agreement. The court further found that there had been no material misrepresentations and that Schultz had not failed to provide requested financial information. The court denied rescission.

### ISSUES

1. Can Henry attack the contract for deed after conveying his interest in the property to Schultz?

2. Are the trial court's findings of fact clearly erroneous regarding material misrepresentations and provision of records of income and expenses for 1982?

### ANALYSIS

#### I.

The trial court found that:

The contract for deed and sale agreement between the parties dated November 13, 1982, was not null and void until cancelled by the parties.

The contract was rescinded, cancelled or otherwise terminated by the agreement of the parties dated March 30, 1984.

In the March 1984 agreement the parties expressed an intent to "set aside their prior contract" and place Schultz in a position to own, operate and resell the business. The agreement further provided that Henry would execute a quit claim deed and bill of sale to Schultz in lieu of canceling the contract for deed. Those documents were executed, and under the terms of the March 1984 agreement, the parties agreed that Schultz was to own and occupy the business after March 26, 1984.

The agreement indicates, as the trial court found, that the parties terminated the contract for deed and entered into an effort to resell the business. Following termination of the contract for deed, any cause of action based on the contract terminates. *Gatz v. Langenfeld and Sons Construction, Inc.*, 356 N.W.2d 716, 718 (Minn. Ct.App.1984). An action for rescission of the contract for deed cannot be maintained because the contract is no longer in existence. *Id.* Consequently, the March 1984 agreement to terminate the contract for deed precludes this action for rescission.

Henry relies on the final clause of the agreement in an effort to maintain the action for rescission. That clause provides that

this agreement is to be governed by the Laws of Minnesota and shall expire January 1, 1985.

Henry would read the clause to require that the entire agreement expired on January 1, 1985, allowing him to reenter the business. We cannot agree.

In addition to the quit claim deed and bill of sale provision, the agreement also states that:

In the event of a sale, Schultzes agree to accept the amount of $165,000 and agree to provide a Contract for Deed using similar terms as the previously existing Contract for Deed between Henrys and Schultzes and the parties agree that any amount received over the amount of $165,000 shall be paid to or for the benefit of Henrys.

\* \* \* \* \* \*

Parties further agree to jointly enter into an effort to sell the business for a period of eight months.

The eight month period expired on November 30, 1984. It is significant to note that the agreement separately provides that if the property were sold, Schultz would agree to accept a contract for deed for $165,000 with any amount beyond that figure going to Henry. This clause does not contain an expiration date and would therefore be governed by the January 1, 1985 expiration clause.

By finding that the agreement operated to terminate the contract for deed, the court impliedly concluded that the January 1, 1985 expiration clause did not apply to the entire agreement. It must therefore apply to only that portion of the agreement that could be terminated without further action by the parties, particularly the clause relating to the amount due Schultz

in the event the joint effort to sell the business was successful. The expiration clause could not operate to place Henry in a position to own and operate the business after January 1, 1985, because the agreement makes no provision for Schultz to reconvey ownership of the property to Henry in the event the agreement expired. Such a provision would be necessary because under the agreement Henry had conveyed ownership to Schultz by quit claim deed and bill of sale.

As a result, we agree that the expiration clause did not serve to terminate the entire March 30, 1984 agreement and reconvey ownership to Henry. Instead, the agreement effected the termination of the contract for deed and therefore barred an action to rescind the contract.

## II.

Despite the fact that the trial court found that the contract for deed had been terminated, it went on to issue findings relating to the rescission claim. Because we have determined that the rescission action cannot be maintained in view of the contract termination, we do not reach the issue of whether those findings are clearly erroneous.

### DECISION

Termination of the contract for deed prevents rescission of that contract.

Affirmed.