Thomas L. SIMONSEN, et al.,
Respondents,

v.

BTH PROPERTIES, Appellant.

No. C2–87–489.

Court of Appeals of Minnesota.

Aug. 18, 1987.

Review Denied Oct. 26, 1987.

Larry Wertheim, Mary Dobbins, Holmes & Graven, Barry Blomquist, Blomquist & Espeset, Minneapolis, for respondents.

Reese Chezick, Diane Schmidt, Herbst & Thue, Bloomington, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and LESLIE and LOMMEN *, JJ.

## OPINION

A. PAUL LOMMEN, Acting Judge.

Respondents brought an action against appellants, claiming appellants were in default on a contract for deed entered into on or about November 16, 1981, with respect to rental property situated in Hennepin County. Respondents sought a foreclosure of said property and/or a money judgment. Appellants counterclaimed and contended that they were induced to enter into the contract for deed for said property by false representations from the respondents with respect to the number of available rental units in the property.

Respondents moved for and were granted summary judgment on appellants' counterclaim. Respondents' motion for money judgment was granted, and their motion for foreclosure denied. We reverse.

## FACTS

In the fall of 1981, respondents advertised for sale an apartment building de-

---

* Acting as judge of the Court of Appeals by ap-    pointment pursuant to Minn. Const. art. 6, § 2.

scribed as a: "six-unit grossing $22.5 per year. 5–2 BR & 1–1 BR ..." Appellants saw the advertisement and after discussing with respondents the income expected from a six-unit building, the parties on October 14, 1981, executed a purchase agreement for the sale and purchase of the property. However, respondents knew at the time that the building was zoned for only five units and that it was registered with the city as a five-unit building. The purchase agreement contained the standard exceptions to the warranty deed which was to be furnished, including the exceptions: "(a) Building and zoning laws, ordinances, State and Federal regulations" and "(b) Restrictions relating to use or improvement of premises without effective forfeiture provision." Appellants obtained a title opinion from a lawyer, which opinion similarly excepted zoning ordinances. The parties closed on a contract for deed on November 16, 1981, the contract for deed providing for delivery of a quit claim deed.

Appellants subsequently discovered that the property was zoned and registered as a five-unit building, and that it was in violation of the Minneapolis Zoning ordinances by maintaining six rental units in the building. The City of Minneapolis issued a cease-and-desist order, the effect of which was to prevent appellants from continuing to rent the one-bedroom unit which grossed about $200.00 per month in rent. Beginning with the June, 1985, payment, appellants ceased making payments under the contract for deed.

Respondents commenced an action against appellants, seeking an order foreclosing defendant's interest in the property or, in the alternative, a money judgment in the amount of the current default. Appellants counterclaimed alleging fraud and misrepresentation.

Respondents moved for summary judgment, arguing that the deposition testimony of appellant's general partners established as a matter of law that there had been no fraud and that they were entitled to foreclose. The trial court agreed with the respondents that the deposition testimony conclusively established that the req-

uisite elements of fraud were not present since there had been no representation with respect to zoning. The court also found that there were no special circumstances of a kind which would have imposed a duty to inform appellants of the zoning status of the property. Accordingly, the court granted respondents summary judgment and dismissed appellants' counterclaim. The trial court denied respondents request to fashion a foreclosure procedure, in the absence of any statutory procedure, for the foreclosure of respondents' vendor's lien. Instead, the court ordered a money judgment for past due installments.

## ISSUES

1. May this court review portions of deposition testimony presented to the trial court, on which the trial court relied in ruling, and which were provided to this court, but which were never filed?

2. Did the trial court err in granting summary judgment?

## ANALYSIS

1. In granting respondents' motion for summary judgment, the trial court relied heavily on appellants' deposition testimony, in which they acknowledged there had never been a representation by respondents as to zoning. Appellants' depositions were never filed with the trial court, and consequently are not considered a part of the record on appeal. See Minn.R.Civ.App.P. 110.01 (papers *filed in trial court* shall constitute the record on appeal). Appellants argue that any references to deposition testimony on appeal are therefore improper and that the partial transcripts provided to this court should be excluded from consideration.

While it is true that papers not filed with the trial court are not a part of the record on appeal, Minn.R.Civ.P. 5.04 instructs litigants that depositions are not to be filed except by order of the court or motion of a party. Minn.R.Civ.P. 56.03 states that summary judgment shall be rendered if the papers on file so dictate. Minn.R.Civ.P. 6.04 states that a motion may be supported by papers on file by reference, and that

supporting papers not on file shall be served with the motion. Rule 110.05 of the Appellate Rules of Procedure states that if something pertinent to an appeal is missing from the record, the parties should either stipulate to its admission or move the trial court to correct the omission. Minn.R.Civ. App.P. 110.05.

■ In this case, appellants should have asked that the depositions be excluded from consideration at the time of the summary judgment motion under Rule 56.03 unless they were filed in the trial court. Alternatively, appellants should have argued below that the record for appeal failed to conform to what occurred in the trial court and asked that the depositions be excluded per Rule 110.05. Having done neither, appellants have waived the filing requirements, and we are not precluded from considering deposition testimony presented with this appeal.

2. Under Minnesota law,

[a] person is liable for fraud if he makes a false representation of a past or existing material fact susceptible of knowledge, knowing it to be false, or as of his own knowledge without knowing whether it is true or false, with intention to induce the person to whom it is made to act in reliance upon it, or under such circumstances that such person is justified in acting in reliance upon it, and such person is thereby deceived and induced to act in reliance upon it, to his pecuniary damage.

*Swanson v. Domning,* 251 Minn. 110, 114, 86 N.W.2d 716, 720 (1957) (footnote omitted); see also *e.g., Hanson v. Ford Motor Co.,* 278 F.2d 586, 591 (8th Cir.1960) (Blackmun, J.). Here, the trial court found that appellants failed to show that there had been a representation, and thus failed to establish the first element of a fraud claim. Citing *Davis v. Re-Trac Manufacturing Corp.,* 276 Minn. 116, 117, 149 N.W.2d 37, 38 (1967) (first element of fraud claim is that there must be a representation).

■ Appellants argue that under the totality of circumstances, including written and oral statements, respondents represented that the property consisted of six legally rentable units. Appellants strongly contend that the issue of whether or not the circumstances surrounding the sale of the subject property constituted a representation is a genuine issue of material fact and that the trial court impermissibly made a factual determination in deciding there was no representation. We agree.

It is true that a review of the record reveals that there was no direct representation. In deposition testimony cited by the trial court as the basis of its decision, appellant BTH's general partners admit that respondents never represented what the zoning classification of the property was, never directly discussed zoning, and never specifically discussed with appellants how many units were "allowed" in the building.

In the memorandum accompanying the trial court's order, however, the court also indicated that there were no special circumstances imposing a duty on respondents to inform appellants of the zoning status of the property. We disagree.

In *Richfield Bank and Trust Co. v. Sjogren,* 309 Minn. 362, 244 N.W.2d 648 (1976) our supreme court noted that nondisclosure may at times constitute fraud. *Id.* at 365, 244 N.W.2d at 650. Before a claim of fraud may be established based upon failure to disclose a certain fact, there must first be a duty, either legal or equitable, to disclose that fact. *Id.*

*Klein v. First Edina National Bank,* 293 Minn. 418, 196 N.W.2d 619 (1972) discussed the circumstances under which a duty to disclose may arise:

As a general rule, one party to a transaction has no duty to disclose material facts to the other. However, special circumstances may dictate otherwise. For example:

(a) One who speaks must say enough to prevent his words from misleading the other party. *Newell v. Randall,* 32 Minn. 171, 19 N.W. 972 (1884).

(b) One who has special knowledge of material facts to which the other party does not have access may have a duty to disclose these facts to the other party. *Marsh v. Webber*, 13 Minn. 109, Gil. 99 (1868).

(c) One who stands in a confidential or fiduciary relation to the other party to a transaction must disclose material facts. See, e.g., *Wells-Dickey Trust Co. v. Lien*, 164 Minn. 307, 204 N.W. 950 (1925).

*Id.* at 421, 196 N.W.2d at 622.

While there was no fiduciary relationship between the parties here, and appellants had equal access to zoning information, we believe there is an issue as to whether a duty arose under (a) above. In *Newell*, the court made clear that half truths may amount to fraudulent misrepresentations: "To tell half a truth only is to conceal the other half." *Newell v. Randall* 32 Minn. at 173, 19 N.W. at 973.

As the court elaborated in *Swedeen v. Swedeen*, 270 Minn. 491, 134 N.W.2d 871 (1965),

if a party conceals a fact material to the transaction, and peculiarly within his own knowledge, knowing that the other party acts on the presumption that no such fact exists, it is as much a fraud as if the existence of such fact were expressly denied, or the reverse of it expressly stated.

*Id.* at 499–500, 134 N.W.2d at 877 (quoting *Thomas v. Murphy*, 87 Minn. 358, 361, 91 N.W. 1097, 1098 (1902)). Further,

[t]hough one may be under no duty to speak as to a matter, if he undertakes to do so, either voluntarily or in response to inquiries, *he is bound not only to state truly what he tells, but also not to suppress or conceal any facts within his knowledge which materially qualify those stated. If he speaks at all, he must make a full and fair disclosure.*

*Id.* 270 Minn. at 500, 134 N.W.2d at 877–78 (quoting *Borzillo v. Thompson*, 57 A.2d 195, 198 (D.C.1948)) (Minnesota court's em-phasis). *See also Richfield Bank & Trust Co. v. Sjogren*, 309 Minn. at 365, 244 N.W.2d at 650 ("One who speaks must say enough to prevent his words from misleading the other party."); *Klein v. First Edina National Bank*, 293 Minn. at 421, 196 N.W.2d at 622 (same).

Here, respondents advertised the property as a six-unit building, yet they knew it was zoned and registered for only five units. They repeatedly told appellants it was a six-unit building, and discussions as to expected income from the property presumed six rental units. These representations demanded qualification, since the natural conclusion by appellants was that there were six legally rentable units. *See Newell*, 32 Minn. at 173, 19 N.W. at 973 (having assumed to answer plaintiff's inquiry, defendant was not at liberty to make an evasive and partial statement which although literally true contained only half the truth and was calculated to mislead and convey a false impression).

Respondents argue, however, that even if there was a misrepresentation it was one of law, not fact, and therefore not actionable. *See Stark v. Equitable Life Assurance Society of U.S.*, 205 Minn. 138, 142–43, 285 N.W. 466, 468–69 (1939) (generally, misrepresentation as to matter of law does not constitute remedial or actionable fraud). This argument fails since here there was not a misrepresentation of law, but rather, a misrepresentation of a factual condition. That is, through nondisclosure respondents may have misrepresented the fact that the building violated the law. *Cf. Gatz v. Frank M. Langenfeld & Sons Construction Co.*, 356 N.W.2d 716 (Minn.Ct. App.1984) (false interpretation of a zoning ordinance not actionable); *Northernaire Productions, Inc. v. County of Crow Wing*, 309 Minn. 386, 244 N.W.2d 279 (1976) (prediction of nonenforcement of zoning ordinance not actionable).

Under the circumstances, we believe there exists a material fact issue as to whether respondents' nondisclosure consti-tuted misrepresentation, which precludes

summary judgment. Because we reverse on this basis, we need not address respondents' objections to the form of relief granted.

## DECISION

Appellants waived any objections to deposition filing requirements. The trial court erred in granting summary judgment since there was a material fact issue as to whether respondents had committed fraud by nondisclosure.

Reversed.