HOLLYWOOD DAIRY, INC., et al., Appellants,

v.

Ray TIMMER, et al., Gary Feist, et al., Respondents.

No. C9–86–2231.

Court of Appeals of Minnesota.

Sept. 1, 1987.

John F. Markert, Bloomington, for appellants.

Richard C. Hefte, Rufer & Hefte, Fergus Falls, Randolph T. Brown, Brown, Saetre & Sellnow, Long Prairie, for respondents.

Heard, considered and decided by LESLIE, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

SEDGWICK, Judge.

Ray and Roma Jean Timmer canceled a purchase agreement with Hollywood Dairy for non-payment pursuant to Minn.Stat. § 559.21 (1982). After the contract had been canceled, the Dairy sued for fraudulent misrepresentation and breach of contract. Timmers were granted summary judgment. We affirm.

## FACTS

The Timmers owned a dairy farm which Hollywood Dairy, Inc., agreed to buy. The final purchase agreement was entered into November 14, 1983. The agreement required: (1) a price of $3,225,000, (2) $125,-000 earnest money, (3) $125,000 and $525,-000 by November 23, 1983—the closing date, and (4) the balance to be paid monthly as a contract for deed.

Hollywood Dairy paid $120,000 as earnest money, but failed to make the other

required payments. In December 1983, the Timmers served notice that they intended to cancel the agreement. Hollywood Dairy claims they could not obtain financing because Timmers failed to provide necessary documents and information.

Hollywood Dairy obtained a temporary restraining order in January 1984, which was dissolved because no action was filed. The purchase agreement was then canceled by the Timmers. The Dairy did not commence its action for fraudulent misrepresentation until December 1984, eleven months after cancellation of the contract.

## ISSUE

Was summary judgment proper when a purchase agreement was canceled prior to commencement of an action for fraudulent misrepresentation?

## ANALYSIS

Minn.R.Civ.P. 56.03 provides for summary judgment when "there is no genuine issue as to any material fact and * * * either party is entitled to a judgment as a matter of law." In this case, any issue of material fact is irrelevant because summary judgment was rendered as a matter of law under the line of cases following *Olson v. Northern Pacific Railway Co.*, 126 Minn. 229, 148 N.W. 67 (1914). In *Olson*, the court held that a vendee in an executory contract for the sale of land could not sue for damages for false representations, when he had failed to make the stipulated payments and the vendor had therefore canceled the contract.

*Olson* was followed and explained in *West v. Walker*, 181 Minn. 169, 231 N.W. 826 (1930).

> We think the instant case is not distinguishable from *Olson* * * * where it was held that a right of action for damages for fraudulent representations inducing the purchase of land upon an executory contract does not survive the cancellation of the contract. * * * When the cancellation is completed there remains to neither vendee nor vendor any cause of action against the other growing out of the land transaction, except that the vendee might sue for money had and received as stated in * * * the *Olson* case. * * * If a vendee has rescinded by his own act, the vendor cannot give the statutory notice so as to cut off the right of the vendee to bring an action to recover what he has parted with and which would be forfeited to the vendor were the contract canceled.

*Id.* at 171–72, 231 N.W. at 827 (citations omitted).

This court has relied on *Olson* to bar actions for fraudulent misrepresentation following the cancellation of contracts for deed pursuant to statute. *See Hommerding v. Peterson*, 376 N.W.2d 456 (Minn.Ct. App.1985); *Gatz v. Frank M. Langenfeld and Sons Construction, Inc.*, 356 N.W.2d 716, 718 (Minn.Ct.App.1984) ("Once a contract for deed is terminated any cause of action based on the contract terminates.").

■ Hollywood Dairy attempts to distinguish this case on the ground that *Olson* and its progeny involved contracts for deed, while they had signed only a purchase agreement. However, Minn.Stat. § 559.21, subd. 2 (1982), which provides for cancellations, covers all contracts "for the conveyance of real estate or any interest therein executed on or after May 1, 1980." This language was interpreted in *Romain v. Pebble Creek Partners*, 310 N.W.2d 118, 121 (Minn.1981), to be "broad enough and plain enough to include purchase agreements." However, the purchase agreement must be akin to a contract; "[t]his means a contract where both parties are bound by its terms." *Id.* at 122. The agreement should be examined for the existence of open terms or contingencies. *Id.* Here, the purchase agreement was sufficiently certain and complete to satisfy *Romain*. The contract was properly canceled pursuant to the statute. Because Hollywood Dairy has failed to comply with the contract, it lost any cause of action based on the contract.

■ Even though a buyer loses his right to sue on the contract for fraud when the contract has been canceled, the buyer may still have an action for money had and

received or unjust enrichment. *Hommerding v. Peterson,* 376 N.W.2d 456, 459 (Minn.Ct.App.1985) (citing *Zirinsky v. Sheehan,* 413 F.2d 481, 488 (8th Cir.1969), *cert. denied,* 396 U.S. 1059, 90 S.Ct. 754, 24 L.Ed.2d 753 (1970)). Unlike an action for fraudulent misrepresentation on the contract, an action for unjust enrichment is not based on contract, but is a quasi-contractual agreement implied by law. *Zirinsky,* 413 F.2d at 488.

█ The Dairy argues on appeal that its complaint can be construed to allege a cause of action for money had and received, or unjust enrichment. Their complaint only alleges damages for breach of contract and misrepresentation. That argument was neither briefed nor argued to the trial court. We will, therefore, not consider it for the first time on appeal. *See, e.g., In re K.T.,* 327 N.W.2d 13, 16–17 (Minn.1982).

### DECISION

Summary judgment was proper because respondent's cancellation of the purchase agreement extinguished a fraudulent misrepresentation claim based on the purchase agreement.

Affirmed.