*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1575**

Paul J. Krause, et al.,
Respondents,

vs.

City of Elk River,
Appellant.

**Filed June 22, 2015
Affirmed
Reyes, Judge**

Sherburne County District Court
File No. 71CV131006

Thomas M. Scott, Campbell Knutson, Eagan, Minnesota (for appellant)

Howard Roston, Erin M. Secord, Fredrikson & Byron, P.A., Minneapolis, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Hudson, Judge; and Bjorkman, Judge.

## UNPUBLISHED OPINION

**REYES**, Judge

In this interlocutory appeal from the district court's denial of appellant's motion for summary judgment, appellant argues that common-law vicarious official immunity bars respondents' action against appellant for breach of representations and warranties. We affirm.

**FACTS**

Respondents Paul and Pamela Krause were owners of approximately 27 acres of real property (property) in Sherburne County. The property was home to the Pinewood Golf Course. Following months of negotiation, on or around April 6, 2006, respondents entered into a real-estate purchase agreement with appellant City of Elk River for the sale of property. In a paragraph entitled "Buyer's Representations and Warranties," appellant warranted that it had the requisite power and authority to enter into the purchase agreement. A paragraph labeled "Remedies" also provided that respondents retained "the right to specifically enforce [the] [purchase] agreement or to seek damages from [appellant]."

The purchase agreement included material terms regarding the sale and a separate lease contract. In relevant part, the purchase agreement required appellant, as tenant, to lease property from respondents for a two-year period beginning on or about April 6, 2006, providing as consideration a $300,000 earnest money payment and payments of $90,000 per year. The purchase agreement also provided that, at the conclusion of the two-year lease period, appellant would purchase property, and the parties would enter into a five-year contract for deed (the contract for deed). Appellant made payments according to the terms of the purchase agreement. After the two-year lease period ended, the parties entered into the contract for deed.

The contract for deed modified the original terms of the purchase agreement by requiring appellant to pay an additional $90,000 in earnest money. As a result, the contract for deed provided for yearly interest payments in the reduced amount of $84,600

2

and required a final balloon payment in the principal amount of $1,410,000 to be due at the end of five years. On appeal, the parties do not dispute that the purchase agreement and the contract for deed are a single legal transaction that must be read together (collectively, the contract).

On April 6, 2013, appellant breached the contract when it failed to make the final balloon payment. Instead, appellant proposed to pay off the contract for deed at a reduced price and provided respondents with evidence that property had decreased in value. Respondents brought an action in district court alleging claims, as amended, for breach of contract (count I), declaratory judgment (count II), and breach of representations and warranties (count III). Respondents sought specific performance and damages pursuant to the "Remedies" provision in the parties' purchase agreement.

## I.     First Summary Judgment

Respondents moved for summary judgment on all three counts. Appellant also moved for summary judgment, requesting that respondents' complaint be dismissed in its entirety. Appellant conceded the count I breach-of-contract claim but argued that respondents were statutorily prohibited from compelling appellant to specifically perform the terms of the agreement. Appellant also denied that there was a breach of representations and warranties as alleged in count III of respondents' complaint.

The district court determined, inter alia, that respondents were not entitled to specific performance as a matter of law pursuant to Minn. Stat. § 412.221, subd. 2 (2014) because appellant "did not possess the authority to enter into a[n] . . . agreement granting [respondents] with the remedy of specific performance." Accordingly, the district court

3

dismissed count II (declaratory judgment). However, the district court concluded that appellant was in breach of the representations and warranties clause in the purchase agreement. The district court granted partial summary judgment to respondents on that claim and reserved the issue of damages for trial.[1]

## II.     Motion for Reconsideration

Appellant filed a motion requesting reconsideration as to count III, arguing that it was not provided adequate opportunity to brief the legal theories before the district court made its decision. The district court denied the motion and explained that appellant had adequate notice of respondents' breach-of-representations-and-warranties claim, as evidenced by appellant's own motion for summary judgment seeking dismissal of all of respondents' claims. The district court also noted that, at the previous motion hearing, both parties indicated that the issues were ripe for summary judgment.

## III.     Second Summary Judgment

About two months later, appellant filed a second motion for summary judgment and again requested that the district court dismiss count III. This time, appellant argued that the alleged breach of representations and warranties involves a representation of law

---

[1] The district court also concluded that the representations and warranties clause remained enforceable and that the remainder of the parties' contract was not void despite the illegal "Remedies" provision in the purchase agreement. Similarly, although not at issue on appeal, we note that the remainder of the provision granting respondents the right to seek damages from appellant remains enforceable despite the portion that allowed respondents the right to specifically enforce the contract being void. The provision provides that "[respondents] shall have the right to specifically enforce [the] agreement *or to seek damages* from [appellant]." It is clear that the district court believes respondents are entitled to seek damages, as evidenced by its order discussing possible calculations of damages and the trial date set to determine damages.

4

and therefore it is not actionable. The district court denied the motion, stating that the parties dispute whether the breach-of-representations-and-warranties claim was to a misrepresentation of law, fact, or mixed law and fact was disputed by the parties and thus it was not appropriate to resolve on a motion for summary judgment.

## IV. Third Summary Judgment

For a third time, appellant moved the district court for summary judgment as to count III, arguing that it was barred by the doctrine of common-law vicarious official immunity because count III is actually a misrepresentation claim grounded in tort. The district court denied the motion with respect to count III, and this interlocutory appeal followed on the common-law official immunity issue.

## D E C I S I O N

On a motion for summary judgment, "[j]udgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. "While denial of a motion for summary judgment is not ordinarily appealable, an exception to this rule exists when the denial of summary judgment is based on rejection of a statutory or official immunity defense." *Anderson v. Anoka Hennepin Indep. Sch. Dist. 11*, 678 N.W.2d 651, 655 (Minn. 2004). This is because "immunity from suit is effectively lost if a case is erroneously permitted to go to trial." *Gleason v. Metro. Council Transit Operations*, 582 N.W.2d 216, 218 (Minn. 1998).

5

On appeal from summary judgment, we must determine whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn. 1990). When reviewing a denial of summary judgment based on a claim of immunity, we assume the facts alleged by the nonmoving party are true. *Burns v. State*, 570 N.W.2d 17, 19 (Minn. App. 1997). "Whether government entities and public officials are protected by . . . official immunity is a legal question which this court reviews de novo." *Johnson v. State*, 553 N.W.2d 40, 45 (Minn. 1996). The party asserting immunity has the burden of demonstrating entitlement to that defense. *Rehn v. Fischley*, 557 N.W.2d 328, 333 (Minn. 1997).

It is a well-established principle that immunity defenses do not apply to breach-of-contract claims. *McDonough v. City of Rosemount*, 503 N.W.2d 493, 497 (Minn. App. 1993) (holding that a city could not assert immunity against a claim for breach of a contract to purchase land), *review denied* (Minn. Sept. 10, 1993). When a party brings a breach-of-contract action against a city, the city "is never entitled to the defense of immunity." *City of Minneapolis v. Ames & Fischer Co. II, LLP*, 724 N.W.2d 749, 756 (Minn. App. 2006). This is because "[a] municipality must perform its valid contracts the same as an individual or private corporation." *McDonough*, 503 N.W.2d at 497 (quotation omitted).

Appellant argues that the alleged breach of representations and warranties is not a "pure contract action" because it "has many attributes of a tort claim" whereby respondents "must show tort-like reliance in order to recover." Therefore, appellant argues, official immunity applies. Appellant first cites *Midland Loan Fin. Co. v. Madsen*,

6

14 N.W.2d 475, 481 (Minn. 1944) for the proposition that reliance upon the warranties is a required element. We are not persuaded.

In *Midland*, the Minnesota Supreme Court stated that, "[t]o enable a party relying upon breach of express or implied warranty to recover, it must be clear and definite that there was actual reliance upon the warranties involved." *Id.* However, since *Midland*, the Minnesota Supreme Court has stated that, to establish a warranty claim, a party need only allege (1) the existence of warranty; (2) a breach of the warranty; and (3) causation of damages. *Peterson v. Bendix Home Sys. Inc.*, 318 N.W.2d 50, 52-53 (Minn. 1982). Cases since *Peterson* have similarly announced the same elements for a breach-of-warranty action. *See Schweich v. Ziegler, Inc.*, 463 N.W.2d 722, 730 (Minn. 1990); *Craft Tool & Die Co. v. Payne*, 385 N.W.2d 24, 26 (Minn. App. 1986); *Imdieke v. Blenda–Life, Inc.*, 363 N.W.2d 121, 124 (Minn. App. 1985), *review denied* (Minn. Apr. 26, 1985). Because *Peterson* and its progeny do not require proof of reliance, we decline to require it here.[2]

Appellant next cites several cases to characterize respondents' claim as a misrepresentation action grounded in tort. But in the cases cited by appellant, there were

_____

[2] Although one Eighth Circuit case that applied Minnesota law concluded that the Minnesota Supreme Court would likely require a plaintiff to prove reliance in a breach-of-warranty case, *see Hendricks v. Callahan*, 972 F.2d 190, 194 (8th Cir. 1992) (assuming the validity of the *Midland* decision although noting the existence of a debate surrounding the proper characterization of breach-of-warranty claims), there have been no other cases that cite *Midland* for that proposition and no cases that expressly state that reliance is required. Indeed, our supreme court appears to acknowledge as much. In a footnote in *Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co.*, the supreme court noted that it made "no mention of *Midland* in *Peterson* and did not discuss [the element of] reliance." 848 N.W.2d 539, 544 n.6 (Minn. 2014).

no written contracts between the parties and the underlying claims expressly alleged causes of action grounded in tort. *See Snyder v. City of Minneapolis*, 441 N.W.2d 781, 786 (Minn. 1989) (landowner brought action against city for *negligence* when it erroneously issued a building permit); *Northernaire Prods., Inc. v. Crow Wing Cnty.*, 309 Minn. 386, 388, 244 N.W.2d 279, 281 (1976) (plaintiffs brought action against county officials to recover for alleged *negligent misrepresentation* of legal requirements for holding a music festival); *Mohler v. City of St. Louis Park*, 643 N.W.2d 623, 629 (Minn. App. 2002) (plaintiffs brought action against city for *negligently misrepresenting* an ordinance and granting a permit to build a garage that exceeded the height restriction in the zoning ordinance), *review denied* (Minn. July 16, 2002).

In contrast, respondents have a written contract with appellant, i.e., the purchase agreement and contract for deed. The alleged misrepresentation was to an express provision that is a term of the parties' contract. It is a bargained-for term to which the parties manifested their intent to be bound when they entered into the contract. Moreover, respondents' claim in count III is pleaded as a breach-of-representations-and-warranties claim, not just a misrepresentation claim, and they allege facts to support a claim of breach of warranties. For these reasons, appellant's argument fails.

Appellant relies on the previously discussed cases to argue that a misrepresentation of law is not actionable. While that is true for a claim in tort, Minnesota courts have not applied a similar holding to misrepresentations of law in actions derived from contractual obligations. *Lyon Fin. Servs., Inc.*, 848 N.W.2d at 544 (rejecting Illinois Paper's argument that a representation of law is not actionable under

8

"any theory—contract, warranty, or otherwise"). Nevertheless, because the district court did not make a determination as to whether the representations and warranties provision in the purchase agreement is a representation of fact or law, we decline to further address this issue on appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (appellate courts generally do not address issues not considered by the district court).

Finally, respondents argue that appellant waived any immunity defense by "engaging in protracted litigation." However, respondents cite no legal authority to support their argument and thus it is waived. *Schoepke v. Alexander Smith & Sons Carpet Co.*, 290 Minn. 518, 519-20, 187 N.W.2d 133, 135 (1971) (holding that an assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection). Moreover, "[a]n immunity, although best included within an answer, is not waived if it is not included in the answer." *Rehn,* 557 N.W.2d at 332. Likewise, respondents' argument, without citation to any legal authority, that appellant cannot claim vicarious official immunity because it has not "sued any [c]ity officials in their individual capacity," is also waived. *Schoepke*, 290 Minn. At 519-20, 187 N.W.2d at 135. However, we note that "a government employer may generally invoke the doctrine of vicarious official immunity even if the individual official whose conduct is at issue is not a named defendant in the suit." *Wiederholt v. City of Minneapolis*, 581 N.W.2d 312, 317 (Minn. 1998).

Respondents' breach-of-warranty claim is an action based in contract.[3] Thus, the district court did not err in concluding that official immunity does not apply and denying appellant's motion for summary judgment.

**Affirmed.**

---

[3] Because we conclude that respondents' breach-of-warranty claim is an action based in contract and not barred by common-law vicarious official immunity, we need not decide whether appellant's actions were discretionary or ministerial.