In re APPLICATION OF Mark James
OLSON FOR PAYMENT OF
SERVICES.

No. C5–01–2132.

Supreme Court of Minnesota.

July 18, 2002.

Stephen V. Grigsby, Minneapolis, for appellant.

Michael Hatch, St. Paul, for District Court.

## OPINION

ANDERSON, PAUL H., Justice.

Appellant Mark James Olson was charged with third-degree assault and qualified for the services of a public defender. Olson requested public funding for a toxicology expert and investigative services under Minn.Stat. § 611.21(a) (2000). The district court denied funding for the expert and for investigative services. Olson took an immediate appeal under Minn.Stat. § 611.21(c) (2000). The court of appeals affirmed the district court on the issue of expert funding, but did not address funding for investigative services on the grounds that the issue was not briefed. Olson appealed the court of appeals' decision. We affirm.

On July 9, 2001, Olson allegedly threw his roommate down the basement stairs of their apartment. Olson was subsequently charged with one count of third-degree assault in violation of Minn.Stat. § 609.223, subd. 1 (2000), and one count of domestic assault in violation of Minn.Stat. § 609.2242, subd. 1(2) (2000). Olson requested that a public defender be appointed to represent him. The district court found that he was eligible for such services. Olson then pleaded not guilty, requested a jury trial, and commenced discovery.

Olson made an ex parte request for services other than counsel under Minn.Stat. § 611.21(a). Specifically, Olson requested funds for "investigative services and an alcohol-effects expert/toxicologist." The district court concluded that Olson lacked the ability to pay for the requested services, but denied funding for both the expert and the investigative services. The court denied funding for the expert on the grounds that the requested expert services of a toxicologist were not necessary for Olson's defense. The court also denied funding for investigative services because "insufficient information was presented by the defendant as to the extent and cost of proposed investigative services to permit the Court to rule on that portion of the request."

Olson immediately appealed under section 611.21(c) and moved for expedited review, which the court of appeals granted. The court first concluded that Olson did not brief the issue regarding funding for investigative services and therefore declined to address that issue. The court then went on to analyze Olson's request for an expert and affirmed the district court.

We granted Olson's petition for further review. Olson's brief to this court discusses only the legal issue regarding whether the court of appeals erred by refusing to address the issue of investigative services on the grounds that it was not briefed. Thus, the issue regarding Olson's request for an expert is not before us. Therefore, we will address only Olson's claim that the court of appeals erred by refusing to address the issue of investigative services.

We have never specifically articulated the appropriate standard of review of a court of appeals' decision not to address an issue on the grounds that it was not briefed. However, it is unquestionable that we have the power to regulate matters of procedure in all criminal actions in all Minnesota courts. *See State v. Johnson,* 514 N.W.2d 551, 554 (Minn.1994) (noting that the courts govern matters of procedure); *see also* Minn.Stat. § 480.059,

subd. 1 (2000) (acknowledging that the supreme court regulates matters of procedure in all state criminal actions). Accordingly, we will apply a de novo standard of review to the court of appeals' decision not to address an issue on the grounds that it was not adequately briefed.

 It is axiomatic that issues not "argued" in the briefs are deemed waived on appeal. *State v. Grecinger,* 569 N.W.2d 189, 193 n. 8 (Minn.1997). While we have not defined what "argued" means in this context, we have indicated that the threshold is whether an issue was addressed in the "argument portion" of the brief. *See McKenzie v. State,* 583 N.W.2d 744, 746 n. 1 (Minn.1998). Although the Minnesota Rules of Civil Appellate Procedure also describe the formal requirements for a brief, the Rules do not specify the extent to which an issue needs to be addressed before it is sufficiently "argued." *See* Minn. R. Civ.App. P. 128, 132.

Olson asserts that the court of appeals erred when it did not address the district court's ruling regarding his request for investigative services. However, the text of the argument section of Olson's brief does not discuss the investigative services issue and that issue is otherwise identified only tangentially in one argument heading and in one footnote. Here, after a thorough review of Olson's brief, we conclude that the investigative services issue was not addressed in the argument section of the brief. Therefore, Olson's brief fails to meet the threshold that we identified in *McKenzie. See* 583 N.W.2d at 746, n. 1. Accordingly, we hold that the court of appeals did not err when it did not address the investigative services issue on the grounds that it was not briefed.

Affirmed.