*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2015**

Joseph Anthony Favors, petitioner,
Appellant,

vs.

Lucinda E. Jesson,
Commissioner of Human Services,
Respondent.

**Filed March 30, 2015
Affirmed
Chutich, Judge**

Dakota County District Court
File No. 19-P1-07-030418

David A. Jaehne, West St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, Anthony R. Noss, Assistant Attorney General; and

James C. Backstrom, Dakota County Attorney, Donald E. Bruce, Assistant County Attorney, Hastings, Minnesota (for respondent)

Considered and decided by Chutich, Presiding Judge; Rodenberg, Judge; and Smith, Judge.

## UNPUBLISHED OPINION

**CHUTICH**, Judge

Appellant Joseph Favors appeals from an order of a judicial appeal panel that granted motions to dismiss by respondents the Commissioner of the Minnesota

Department of Human Services (the commissioner) and Dakota County concerning Favors's petitions for discharge, provisional discharge, or transfer. The panel also denied Favors's oral motion for transfer upon completion of his current treatment phase. Because Favors failed to meet his evidentiary burdens regarding the petitions, we affirm.

## FACTS

Favors was civilly committed as a sexually dangerous person and as a person with a sexual psychopathic personality in 2009, and he has been in treatment at the Minnesota Sex Offender Program (the program) at Moose Lake since that time. The facts underlying Favors's commitment are set forth in *In re Civil Commitment of Favors*, No. A09-2306, 2010 WL 2486349 (Minn. App. June 22, 2010), *review denied* (Minn. Aug. 24, 2010). He is currently in phase II of treatment.

In April 2013, Favors petitioned the special review board for discharge, provisional discharge, or transfer to Community Preparation Services, the transitional phase of the program. In March 2014, the special review board recommended denying the petition. Favors petitioned for rehearing and reconsideration by a judicial appeal panel later that month.

In June 2014, Dr. James H. Gilbertson, Ph.D., examined Favors. Dr. Gilbertson submitted a psychological/risk assessment of Favors to the judicial appeal panel that contained his findings and conclusions based on that examination.

In August 2014, a judicial appeal panel hearing convened. Dr. Gilbertson testified at this hearing, and his testimony was largely consistent with his report. Dr. Gilbertson

noted that Favors's scores on a static risk assessment put his risk of re-offense as moderate to high risk, and his dynamic risk scores were at a moderate level.

Dr. Gilbertson testified that he did not support either full discharge or provisional discharge. He said that Favors is not capable of making an acceptable adjustment to society at this time and that he remains a danger to the public, and no conditions exist to either provide a reasonable degree of protection to the public or assist Favors in adjusting to the community. Dr. Gilbertson also said that Favors continues to need inpatient treatment and supervision.

Dr. Gilbertson also stated that Community Preparation Services offers sufficient protection *if* Favors is at a moderate level of risk; assuming some facts, it may be an option, but if other facts are assumed, Community Preparation Services is not a viable option. Dr. Gilbertson said that Favors needs to complete phase II before any transfer can be considered. He also testified that Favors needs a secure environment to accomplish treatment, has a continuing need for institutionalization at the program, and needs to remain in residential programming until he completes phase II. Dr. Gilbertson said that Moose Lake is the facility that best meets Favors's needs.

Favors testified on his own behalf. He said that he has almost completed phase II treatment and also noted his participation in group sessions and his support in the community.

At the close of Favors's case, the commissioner and Dakota County moved to dismiss the petition under Minnesota Rule of Civil Procedure 41.02(b) and Minnesota Statutes section 253D.28, subdivision 2(d) and (e) (2014). They argued that Favors had

3

neither met his burden of production regarding discharge and provisional discharge nor established that transfer was appropriate by a preponderance of the evidence. Favors requested an order for transfer to Community Preparation Services or, in the alternative, an order seeking immediate transfer to Community Preparation Services once he completes phase II.

By written order dated October 19, 2014, the judicial appeal panel granted the respondents' motions to dismiss the petitions for discharge, provisional discharge, and transfer. The panel also denied Favors's motion for an order of transfer after he completes phase II of the program. Favors appealed.

## D E C I S I O N

### I.      Discharge and Provisional Discharge

We review the dismissal of a petition for discharge or provisional discharge under Minnesota Rule of Civil Procedure 41.02(b) de novo. *Foster v. Jesson*, 857 N.W.2d 545, 548 (Minn. App. 2014). At the first-phase hearing, the judicial appeal panel may not weigh the evidence or make credibility determinations when considering a motion to dismiss under this rule and instead must view the evidence in a light most favorable to the committed person. *Coker v. Jesson*, 831 N.W.2d 483, 490-91 (Minn. 2013).

At the first-phase hearing, the committed person "bears the burden of going forward with the evidence, which means presenting a prima facie case." Minn. Stat. § 253D.28, subd. 2(d). This burden is the burden of production, which is satisfied with "'sufficient, competent evidence that, if proven, would entitle the petitioner to relief.'" *Larson v. Jesson*, 847 N.W.2d 531, 535 (Minn. App. 2014) (quoting *Coker*, 831 N.W.2d

4

at 486). Dismissal under rule 41.02(b) is still appropriate if the committed person does not meet this burden of production. *Id.*

Favors first argues that the judicial appeal panel erred by granting the motions to dismiss as to discharge and provisional discharge because he met his burden of production. We disagree.

The sole evidence regarding discharge was Dr. Gilbertson's assessment and testimony. Dr. Gilbertson's opinions were unequivocal: "I'm very firm in my opinion regarding that he's not eligible for direct [or] provisional discharge at this time." This opinion is reflected and supported throughout his testimony and report. Favors, in his own testimony, mentioned only that he wished to be discharged but presented no reasons to support it. Even drawing "every inference which may fairly be drawn . . . in favor of the adverse party," *Coker*, 831 N.W.2d at 489 (quotation omitted), no competent evidence supported either discharge or provisional discharge. Given this evidence, the judicial appeal panel did not err by concluding that Favors failed to meet his burden of production regarding discharge and provisional discharge.

## II. Transfer

Unlike petitions for discharge, "a petition for transfer imposes the burdens of production *and* persuasion on the petitioner at the hearing before the judicial appeal panel." *Foster*, 857 N.W.2d at 548; *see also* Minn. Stat. § 253D.28, subd. 2(e) ("A party seeking transfer under section 253D.29 must establish by a preponderance of the evidence that the transfer is appropriate."). The findings of the judicial appeal panel are reviewed for clear error. *Foster*, 857 N.W.2d at 548; *see also Jarvis v. Levine*, 364

5

N.W.2d 473, 474 (Minn. App. 1985) ("The appeal panel will be reversed only if [its] decision was clearly erroneous."). "This court will not weigh the evidence as if trying the matter de novo, but must examine the record to determine whether the evidence as a whole sustains the appeal panel['s] findings." *Jarvis*, 364 N.W.2d at 474 (quotation omitted).

"In evaluating whether a petitioner has demonstrated the appropriateness of transfer by a preponderance of the evidence, the panel must address the statutory factors." *Foster*, 857 N.W.2d at 549 (quotation and alteration omitted). The statutory factors are:

> (1) the person's clinical progress and present treatment needs;
>
> (2) the need for security to accomplish continuing treatment;
>
> (3) the need for continued institutionalization;
>
> (4) which facility can best meet the person's needs; and
>
> (5) whether transfer can be accomplished with a reasonable degree of safety for the public.

Minn. Stat. § 253D.29, subd. 1(b) (2014).

Favors contends that the judicial appeal panel erred by determining that he had not shown by a preponderance of the evidence that transfer was appropriate. We conclude that, given the state of the record evidence at the close of Favors's case, the panel did not err in granting the motion to dismiss.

Dr. Gilbertson opined that he did not believe that transfer would be appropriate until Favors has completed phase II of the program. He further testified that Favors needs a secure environment for treatment, that he needs continued institutionalization,

6

and that the facility at Moose Lake best meets Favors's current needs. Dr. Gilbertson also stated that transfer may be accomplished with a reasonable degree of safety for the public, but this opinion was qualified and dependent on Favors's current treatment engagement. The judicial appeal panel considered the statutory factors and determined that Favors was unsuitable for transfer. The record as a whole sustains the panel's findings and supports no other conclusion. Therefore, the panel did not err in dismissing the petition for transfer. *See Foster*, 857 N.W.2d at 549.

Favors finally claims that the judicial appeal panel erred by denying his motion for immediate transfer when he completes phase II. But the judicial appeal panel may not consider petitions for relief other than those considered by the special review board. Minn. Stat. § 253D.28, subd. 3 (2014). It also may not grant a transfer "on terms or conditions that were not presented to the special review board." *Id.* Favors did not petition the special review board for an automatic transfer upon completion of phase II, and therefore the panel correctly declined to consider this motion.

The judicial appeal panel also denied the motion for immediate transfer because it was prospective and not ripe. "If an issue involves only a hypothetical possibility, then the issue is not justiciable because neither the ripe nor the ripening seeds of a controversy are present." *In re Civil Commitment of Travis*, 767 N.W.2d 52, 58 (Minn. App. 2009) (quotation and alteration omitted).

We note that Favors has made progress in the treatment program. But because he had not yet completed phase II of the program, the judicial appeal panel did not err by declining to consider the motion concerning a prospective issue.

**Affirmed.**