*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-1577**

In the Matter of the Civil Commitment of:
Steven Merrill Hogy.

**Filed February 13, 2017
Affirmed
Cleary, Chief Judge**

Goodhue County District Court
File No. 25-PR-07-1705

David A. Jaehne, West St. Paul, Minnesota (for appellant Hogy)

Lori Swanson, Attorney General, James H. Clark III, Assistant Attorney General, St. Paul, Minnesota (for respondent commissioner of human services)

Stephen Betcher, Goodhue County Attorney, Erin Louise Kuester, Assistant County Attorney, Red Wing, Minnesota (for respondent Goodhue County)

Considered and decided by Cleary, Chief Judge; Kirk, Judge; and Bratvold, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CLEARY**, Chief Judge

On appeal from the dismissal of his petitions for transfer to community preparation services (CPS), provisional discharge, and full discharge, appellant Steven Merrill Hogy argues that the judicial appeal panel erred by dismissing his petitions and requests that this court, at minimum, order his transfer to Phase II of the Minnesota sex offender program

(MSOP).  Because we conclude that the panel did not err and that Hogy failed to request a transfer to Phase II of MSOP while before the special review board, we affirm.

## FACTS

Hogy was civilly committed to MSOP as a sexually dangerous person and sexual psychopathic personality in July 2008.  In May 2014, Hogy petitioned the special review board for full discharge, provisional discharge, or transfer to CPS.  The special review board held a hearing in March 2015, at which the board heard the arguments of Hogy's attorney, heard witness testimony, and considered the results of risk assessment tests as applied to Hogy.  The special review board recommended that Hogy's petitions for full discharge, provisional discharge, and transfer to CPS be denied.

Hogy requested rehearing and reconsideration by the judicial appeal panel.  In April 2016, the judicial appeal panel held a hearing, at which it received the commissioner's evidence without objection from any party.  The evidence received included MSOP treatment reports, MSOP therapy group participation progress notes, MSOP behavioral expectation reports, MSOP incident reports, an MSOP sexual violence risk assessment, and a written report of the March 2016 evaluation of Hogy that was performed by a psychologist serving as a court-appointed examiner.

The court-appointed examiner who evaluated Hogy in March 2016 testified before the judicial appeal panel. On direct examination by Hogy's counsel, the examiner testified that Hogy "really made no progress in treatment.  He hasn't really learned anything about his offending cycle[,] . . . hasn't admitted to really being an offender[,] . . . [and] does not have a plan for how he's going to make sure he doesn't reoffend."  He further testified that

2

he did not believe that the community would be safe if Hogy were placed in an outpatient setting using GPS monitoring and supervision. When asked how likely Hogy would be to reoffend if he were provisionally discharged or completely discharged, the examiner testified that "right now he's probably a moderate to high moderate risk to reoffend."

Hogy also appeared before the panel and testified to the following on direct examination by his own counsel. Hogy had been in Phase I of MSOP for eight years and had participated in treatment, but missed some treatment sessions because of illness. He explained that, at the time of the hearing, he was not participating in treatment because "[i]t's a hopeless case of trying to move on in the program."

After Hogy's presentation of evidence was complete, the commissioner moved for dismissal under Minn. R. Civ. P. 41.02(b), and Goodhue County joined in the motion. The panel considered the statutory transfer factors of Minn. Stat. § 253D.29, subd. 1(b) (2016), concluded that Hogy failed to establish by a preponderance of the evidence that transfer to CPS was appropriate, and denied the transfer petition. The panel next considered Hogy's petition for provisional discharge and explained that provisional discharge is inappropriate if transfer to CPS, a lesser custody reduction, is inappropriate. The panel concluded that Hogy did not meet his burden of production under Minn. Stat. § 253D.28, subd. 2(d) (2016), because he presented no provisional discharge plan and failed to show that there was no longer a need for treatment and supervision in his current setting. As a result, the panel denied his petition for provisional discharge. Finally, the panel denied Hogy's petition for full discharge, explaining that full discharge is inappropriate if transfer to CPS or provisional discharge is inappropriate. The panel concluded that Hogy did not meet his

3

burden of production under Minn. Stat. § 253D.28, subd. 2(d), because he failed to present a prima facie case with competent evidence to show that he was entitled to full discharge. Hogy now appeals the judicial appeal panel's dismissal of his petitions and requests that this court, at minimum, order his transfer to Phase II of MSOP.

**D E C I S I O N**

Rule 41.02(b) provides that "[a]fter the plaintiff has completed the presentation of evidence, the defendant . . . may move for a dismissal on the ground that upon the facts and the law, the plaintiff has shown no right to relief." Minn. R. Civ. P. 41.02(b). If the action is tried by a court without a jury, the court may then determine the facts and render judgment against the plaintiff, or it may decline to render any judgment until the close of all the evidence. *Id.* If the court renders judgment against the plaintiff, it must make findings as provided in Minn. R. Civ. P. 52.01. *Id.*

## I.     Transfer Petition

When a judicial appeal panel, sitting as a trier of fact, dismisses a transfer petition under rule 41.02(b), this court reviews the dismissal for clear error. *Foster v. Jesson*, 857 N.W.2d 545, 548 (Minn. App. 2014). We will not reverse findings of fact if the record as a whole sustains those findings. *Rydberg v. Goodno*, 689 N.W.2d 310, 313 (Minn. App. 2004). "A party seeking transfer under section 253D.29 must establish by a preponderance of the evidence that the transfer is appropriate." Minn. Stat. § 253D.28, subd. 2(e) (2016). The judicial appeal panel must address the statutory factors when evaluating whether a petitioner has demonstrated that transfer is appropriate. *Foster*, 857 N.W.2d at 549. Those factors are: "(1) the person's clinical progress and present treatment needs; (2) the need

4

for security to accomplish continuing treatment; (3) the need for continued institutionalization; (4) which facility can best meet the person's needs; and (5) whether transfer can be accomplished with a reasonable degree of safety for the public." Minn. Stat. § 253D.29, subd. 1(b).

Here, the record evidence at the close of Hogy's case-in-chief was insufficient. The testimony that Hogy's counsel elicited from the examiner does not support Hogy's request for transfer to CPS. The examiner testified that Hogy had not learned anything about his offending cycle, that Hogy failed to take responsibility for his actions, and that GPS monitoring and supervision were insufficient to ensure the community's safety.[1] The record evidence supports the examiner's testimony and shows that transfer to CPS is inappropriate. The judicial appeal panel considered the statutory factors and concluded that Hogy had experienced minimal clinical progress, had a high need for security to accomplish continuing treatment, had a high need for continued institutionalization in his current facility, would have his treatment needs best met in a secure facility, and could not be transferred with a reasonable degree of safety for the public. The record evidence, as a

---

[1] Clients who are transferred to CPS are moved from the secure facility to a less restrictive environment and must wear GPS-monitoring devices. *See* Minn. Dep't Human Servs., *Programming On and Off Campus: Minnesota Sex Offender Program* (Oct. 2015), http://www.dhs.state.mn.us/main/groups/agencywide/documents/pub/dhs16_167930.pdf (providing that CPS clients are monitored by GPS and are permitted to move outside of the MSOP secure perimeter); *see also* Minn. Dep't Human Servs., *Facilities for MSOP Clients in Community Preparation Services* (Mar. 2016), http://mn.gov/dhs/images/msop-bonding.pdf (explaining that CPS clients wear GPS devices and are transferred from the secure facility to a less restrictive environment).

whole, supports the panel's findings and conclusion.  The judicial appeal panel did not err in dismissing Hogy's petition for transfer pursuant to rule 41.02(b).

## II.     Discharge Petitions

When a judicial appeal panel dismisses a discharge petition under rule 41.02(b), our review of the dismissal is de novo.  *Larson v. Jesson*, 847 N.W.2d 531, 534 (Minn. App. 2014).  "The petitioning party seeking discharge or provisional discharge bears the burden of going forward with the evidence, which means presenting a prima facie case with competent evidence to show that the person is entitled to the requested relief."  Minn. Stat. § 253D.28, subd. 2(d).  The petitioner must "come forward only with sufficient, competent evidence that, *if proven*, would entitle the petitioner to relief."  *Coker v. Jesson*, 831 N.W.2d 483, 490 (Minn. 2013).  "If the committed person satisfies his burden of production, then the party opposing the petition bears the burden of proof by clear and convincing evidence that the discharge or provisional discharge should be denied."  *Id.* at 486 (quotations omitted).

When considering a rule 41.02(b) motion to dismiss a discharge petition, the judicial appeal panel may not weigh the evidence or make credibility determinations regarding discharge.  *Foster*, 857 N.W.2d at 549.  Rather, it must view the evidence in a light most favorable to the committed person.  *Id.*

### A.     *Provisional Discharge*

Viewing the evidence in a light most favorable to Hogy, he failed to satisfy his burden of production with respect to his petition for provisional discharge.  A committed person may be provisionally discharged only if the judicial appeal panel determines that he

6

is "capable of making an acceptable adjustment to open society." Minn. Stat. § 253D.30, subd. 1(a) (2016). When determining whether a provisional discharge is appropriate, the judicial appeal panel must consider:

> (1) whether the committed person's course of treatment and present mental status indicate there is no longer a need for treatment and supervision in the committed person's current treatment setting; and

> (2) whether the conditions of the provisional discharge plan will provide a reasonable degree of protection to the public and will enable the committed person to adjust successfully to the community.

*Id.*, subd. 1(b) (2016).

The language of Minn. Stat. § 253D.30, subd. 1(b)(2) plainly requires a provisional discharge plan. "[A] provisional discharge plan is a necessary step before the judicial appeal panel could even begin to consider a provisional discharge." *Larson*, 847 N.W.2d at 536. On direct examination by Hogy's counsel, the examiner testified that Hogy did not have a plan establishing how he would ensure that he did not reoffend. The record evidence supports the examiner's testimony that Hogy lacked a provisional discharge plan that would provide a reasonable degree of protection to the public. The judicial appeal panel did not err in concluding that Hogy failed to present a provisional discharge plan.

Minn. Stat. § 253D.30, subd. 1(b)(1) additionally requires the judicial appeal panel to consider whether the committed person's course of treatment and mental status indicate that treatment and supervision in the committed person's treatment setting are no longer needed. On direct examination by Hogy's counsel, the examiner testified that Hogy had not learned anything about his offending cycle, failed to take responsibility for his actions,

would have a "moderate to high moderate risk to reoffend" if provisionally discharged, and would pose a risk to the community even if he were monitored using GPS. The record evidence supports the judicial appeal panel's conclusion that Hogy failed to show that there was no longer a need for treatment and supervision in his current setting.

The testimony that Hogy's counsel elicited from the examiner does not support Hogy's request for provisional discharge. Absent corroborating neutral testimony, Hogy's own testimony about his treatment and condition cannot stand alone as competent evidence of his capability to adjust to open society without the treatment and supervision that MSOP provides. Even viewing the evidence in Hogy's favor, he failed to produce to the panel competent evidence that, if proven, would entitle him to provisional discharge. The judicial appeal panel did not err in dismissing Hogy's petition for provisional discharge pursuant to rule 41.02(b).

**B.** *Full Discharge*

The commissioner asserts that Hogy has not challenged the judicial appeal panel's denial of his petition for full discharge and that he has thereby waived the full-discharge issue on appeal. "It is axiomatic that issues not 'argued' in the briefs are deemed waived on appeal." *In re Application of Olson for Payment of Servs.*, 648 N.W.2d 226, 228 (Minn. 2002). Where an issue is not addressed in the argument portion of a brief, it may be deemed waived. *Id.* A request for full discharge appears nowhere in the argument section of the brief submitted by Hogy's counsel. Rather, the request for a full discharge appears only in the brief's statement-of-the-case section. As a result, Hogy's brief failed to adequately argue that he was entitled to full discharge, and this court need not address it. *See id.*

8

(explaining that the court of appeals committed no error by refusing to address an issue that appellant's brief did not discuss in the argument section and that was identified only tangentially in one argument heading and one footnote).

Even if this court were to address the full-discharge issue, Hogy could not establish that he is entitled to full discharge. Viewing the evidence in a light most favorable to Hogy, he failed to satisfy his burden of production with respect to his petition for full discharge. A committed person may be discharged only if the judicial appeal panel determines that he is "capable of making an acceptable adjustment to open society, is no longer dangerous to the public, and is no longer in need of inpatient treatment and supervision." Minn. Stat. § 253D.31 (2016). On direct examination by Hogy's counsel, the examiner testified that Hogy had not learned anything about his offending cycle, failed to take responsibility for his actions, would have a "moderate to high moderate risk to reoffend" if discharged, and would pose a risk to the community even if he were monitored using GPS. Viewing the evidence in Hogy's favor, Hogy failed to produce to the panel competent evidence that, if proven, would entitle him to full discharge. The judicial appeal panel did not err in dismissing Hogy's petition for full discharge pursuant to rule 41.02(b).

### III.    Transfer to Phase II of MSOP

MSOP is a multiphase-treatment program. Hogy has been in Phase I for eight years and requests that this court order that he be transferred to Phase II. Hogy initiated this case by requesting a special review board hearing pursuant to Minn. Stat. § 253B.18, subd. 5 (2016), but he failed to request a transfer to Phase II of MSOP while his case was before the special review board. After the special review board recommended that Hogy's

9

petitions for transfer to CPS, provisional discharge, and full discharge be denied, Hogy requested rehearing and reconsideration by the judicial appeal panel.

The judicial appeal panel is statutorily authorized to rehear and reconsider decisions of the special review board but "may not consider petitions for relief other than those considered by the commissioner or special review board from which the appeal is taken." Minn. Stat. § 253B.19, subd. 3 (2016). Because Hogy did not request a transfer to Phase II while he was before the special review board, this court will not consider the request now. This comports with the statutory directive of Minn. Stat. § 253B.19, subd. 3, and our well-established rule against considering issues not raised to the initial decision maker. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (explaining that a reviewing court generally must consider only those issues that were presented to and considered by the district court). Therefore, this court will not address whether Hogy is entitled to transfer to Phase II of MSOP.

**Affirmed.**