*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-1170**

The Bank of New York Mellon fka The Bank of New York,
as Trustee for the certificate holders of Cwalt, Inc. alternative Loan Trust, 2005-27,
Mortgage pass through certificates series 2005-27,
Respondent,

vs.

Scott B. Auld,
Appellant,

Cindy M. Auld,
Defendant, Parties in Possession.

**Filed March 16, 2026**
**Affirmed**
**Jesson, Judge**[*]

Hennepin County District Court
File No. 27-CV-23-9313

Mark G. Schroeder, Taft Stettinius & Hollister LLP, Minneapolis, Minnesota; and

Keith S. Anderson, Bradley Arant Boult Cummings LLP, Birmingham, Alabama (for respondent)

Scott B. Auld, Rogers, Minnesota (pro se appellant)

        Considered and decided by Wheelock, Presiding Judge; Schmidt, Judge; and Jesson,

Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**NONPRECEDENTIAL OPINION**

**JESSON**, Judge

In this mortgage-foreclosure dispute, the district court granted summary judgment for respondent-bank, permitted foreclosure of appellant's property, reformed the underlying mortgage, and dismissed appellant's counterclaims. On appeal, appellant challenges those determinations. Because the district court did not err in granting summary judgment, permitting foreclosure, and reforming the mortgage, and it did not abuse its discretion by denying appellant's motion for relief from final judgment, we affirm.[1]

**FACTS**

Respondent The Bank of New York Mellon[2] (the bank) sued appellant Scott B. Auld,[3] seeking to foreclose on certain real property in Rogers, Minnesota (the property). The bank alleged that Auld failed to make required mortgage payments. In addition, the bank sought to reform the mortgage to correct an error in the property's legal description.

Auld counterclaimed that the bank violated the Fair Debt Collections Practices Act, engaged in predatory lending and appraisal fraud, engaged in tortious interference with a contract, and was required to conduct an accounting of the mortgage debts.

---

[1] The caption in this matter is taken from the district court record. *See* Minn. R. Civ. App. P. 143.01 ("The title of the action shall not be changed in consequence of the appeal."). The caption here contains a typographical error that reads "Possesion" instead of "Possession," which we do not change.

[2] The full name of the party is The Bank of New York Mellon fka The Bank of New York, as Trustee for the certificate holders of Cwalt, Inc. alternative Loan Trust, 2005-27, Mortgage pass through certificates series 2005-27.

[3] The bank also sued defendant Cindy M. Auld but later agreed that she had no ownership interest in the property and no liability regarding the mortgage. We therefore do not further reference her.

The undisputed evidence derived from the summary judgment record shows that Auld obtained a loan from North American Savings Bank in 2005 by executing a promissory note (the note). As security for the loan, Auld mortgaged the property in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for North American Savings Bank. MERS assigned to the bank, via a recorded assignment, its interest in the mortgage and note. Auld later signed a loan modification agreement modifying the loan's principal balance, with the first payment due on October 1, 2011. He made no payments following the loan modification and defaulted on the loan.

The bank moved for summary judgment, arguing that Auld had "not made a single payment toward the mortgage in more than ten years." Auld also moved for summary judgment. The district court granted the bank's motion and denied Auld's motion. The court concluded that the mortgage authorized foreclosure for nonpayment and that Auld had failed to make payments as required under the loan modification. As a result, the court granted a decree of foreclosure. The court also reformed the mortgage to address the error in the legal description.

Auld moved under Minnesota Rule of Civil Procedure 60.02 for relief from the district court's grant of summary judgment, alleging that there were unaccounted-for transfers of the note, and therefore it was unclear whether the bank had been assigned the note and had authority to foreclose.

The district court denied Auld's motion. The court concluded that Auld was simply seeking to relitigate "facts that he conceded on summary judgment." The court found that it was undisputed that the bank had been assigned the mortgage and note.

Auld appeals.

## DECISION

A district court must grant summary judgment "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Minn. R. Civ. P. 56.01. We review a district court's grant of summary judgment de novo "to determine whether there are genuine issues of material fact and whether the district court erred in its application of the law." *Montemayor v. Sebright Prods., Inc.*, 898 N.W.2d 623, 628 (Minn. 2017) (quotation omitted). "[T]he moving party has the burden of showing an absence of factual issues, and the nonmoving party has the benefit of that view of the evidence most favorable to him." *Id.* (quotations omitted).

## I.     The district court properly granted summary judgment.

Auld challenges the district court's grant of summary judgment, arguing that genuine issues of material fact remain. We disagree.

The material facts are largely contained in an affidavit and attachments (the Gonzales affidavit) submitted by a representative of the loan's servicer. Simply stated, in 2005, Auld obtained a loan from North American Savings Bank and secured the debt by mortgaging the property to MERS, the nominee for North American Savings Bank. The mortgage expressly secured for North American Savings Bank the right to repayment of the loan, including repayment under modifications of the note, and the mortgage granted MERS and its successors and assigns the power of foreclosure if Auld defaulted on payment. In 2008, MERS assigned the mortgage and accompanying interest in the note to the bank via a recorded assignment. In 2011, Auld agreed to a loan modification. Auld

4

then failed to make the payments required under the loan modification, despite being notified that he was in default.

A mortgage on real estate constitutes a pledge of property as security for the payment of a debt. *City of St. Paul v. St. Anthony Flats Ltd. P'ship*, 517 N.W.2d 58, 61 (Minn. App. 1994), *rev. denied* (Minn. Aug. 24, 1994). If a person fails to make the required debt payments, the entity holding the mortgage may foreclose on the property. *JPMorgan Chase Bank, N.A. v. Erlandson*, 821 N.W.2d 600, 606 (Minn. App. 2012); *see also* Minn. Stat. §§ 581.01-.12 (2024 & Supp. 2025) (covering foreclosure by action). Therefore, the bank, as the holder of the mortgage and accompanying rights under the note, was permitted to foreclose on the property.

To persuade us otherwise, Auld makes three arguments. First, he challenges the bank's standing to pursue the foreclosure. Second, he disputes the evidentiary reliability of the Gonzales affidavit. Third, he argues that a statute of limitations barred the bank's action. We address each argument in turn.

First, Auld argues that the district court erred in determining that the bank had standing—that is that the bank had a sufficient stake in the controversy because it failed to show that it is the holder of the note and mortgage. "Standing is a legal requirement that a party have a sufficient stake in a justiciable controversy to seek relief from a court." *Enright v. Lehmann*, 735 N.W.2d 326, 329 (Minn. 2007). Whether a party has standing is a question of law we review de novo. *Builders Ass'n of Minn. v. City of St. Paul*, 819 N.W.2d 172, 176 (Minn. App. 2012).

In support of his standing argument, Auld points to the note, which contains a stamp stating, in part, "pay to the order of Countrywide Home Loans Inc." and "without recourse." He asserts that this is the last "endorsement[]" and argues that the bank failed to submit evidence that Countrywide ever reassigned its interest to the bank.

Auld's claim is insufficient to create a genuine issue of material fact. Rather, it "merely creates a metaphysical doubt as to a factual issue," and this is insufficient to create a genuine issue of material fact because it does not "permit reasonable persons to draw different conclusions" as to whether the bank had a sufficient interest to seek foreclosure. *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997). As asserted in the Gonzales affidavit, in 2008 MERS assigned the mortgage to the bank. That assignment, which is in the record, shows that the bank received not only the mortgage but "all right and interest in the note and obligation therein specified and the debt thereby secured."

Auld acknowledges this assignment but cites *Jackson v. Mortgage Electronic Registration Systems, Inc.* for the proposition that MERS could not transfer that interest because MERS never originates loans and does not own promissory notes. 770 N.W.2d 487, 490 (Minn. 2009). But *Jackson* is inapposite because it involved a transfer of underlying indebtedness and the question of whether such a transfer needed to be recorded to foreclose. *Id.* at 489-90. Here, we have a *recorded assignment* of the mortgage and accompanying rights from MERS to the bank. We therefore find Auld's standing arguments to be unpersuasive.

Second, the district court did not err in relying on the Gonzales affidavit, an issue we review for an abuse of discretion. *State ex rel. Swanson v. Integrity Advance, LLC*, 846

6

N.W.2d 435, 440 (Minn. App. 2014), *aff'd on other grounds*, 870 N.W.2d 90 (Minn. 2015). Auld argues that the district court erred in relying on the Gonzales affidavit because it did not meet the requirements of Minnesota Rule of Civil Procedure 56.03(d), which states, "An affidavit used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated."

While Auld argues that he timely raised this challenge to the Gonzales affidavit, we do not see support for that assertion. As a result, Auld has forfeited his challenge. *See Simonsen v. BTH Props.*, 410 N.W.2d 458, 460 (Minn. App. 1987) (overruling objection to admissibility of depositions because appellants did not move to exclude the depositions "at the time of the summary judgment motion under Rule 56.03"), *rev. denied* (Minn. Oct. 26, 1987).

But regardless of forfeiture, the Gonzales affidavit establishes a basis for the affirmations contained within. It states that the affiant had access to the loan servicer's records related to Auld's mortgage and that the affiant reviewed these records. Auld did not present evidence to contradict these affirmations. In sum, the district court did not abuse its discretion in considering the affidavit.

Third, Auld contends that the bank's action was barred by the statute of limitations. But Auld failed to raise this issue before the district court, and the district court did not address the issue in either its summary-judgment order or its order denying posttrial relief. Generally, this court will not decide issues for the first time on appeal that were not considered by the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). We

therefore decline to address Auld's ill-defined statute-of-limitations argument.

Because there is no genuine issue of material fact remaining, the district court properly granted summary judgment for the bank.

## II.     The district court did not err in granting foreclosure and reformation.

Auld argues that the district court erred in granting foreclosure and reformation because the bank delayed nearly 12 years in correcting the typographical error in the mortgage. Auld's argument is unpersuasive.

A party to a contract may seek the equitable remedy of reformation to change the contract's language to reflect the parties' true intentions. *SCI Minn. Funeral Servs., Inc. v. Washburn-McReavy Funeral Corp.*, 795 N.W. 2d 855, 864 (Minn. 2011). Reformation is appropriate when (1) the parties reach a valid agreement expressing their true intentions; (2) the written contract fails to reflect those true intentions; and (3) this failure resulted from a mutual mistake of the parties, or a "unilateral mistake accompanied by fraud or inequitable conduct by the other party." *Id.* at 865 (quotation omitted). We review de novo a legal determination to award equitable relief in a grant of summary judgment. *Id.* at 861; *see Melrose Gates, LLC v. Moua*, 875 N.W.2d 814, 820-22 (Minn. 2016) (applying de novo review to district court's dismissal of a subrogation claim when the dismissal was not based on the weight of the equities or on findings of disputed facts).

Here, the district court determined that there was a valid agreement to mortgage the property in exchange for the loan, the mortgage contained the correct address for the property, the parties' clear intent was to mortgage the property, and Auld therefore intended for the mortgage to contain the correct legal description for the property. Auld did not

8

contest these facts related to the parties' mortgage agreement. We agree that reformation was proper in this instance. It simply consisted of changing the description of the property lines to state "Northwest corner" instead of "Northeast corner." And, as the district court pointed out, the mortgage contained the correct property address. While Auld contends that he incurred substantial legal fees in defending the bank's foreclosure action, he fails to draw any logical connection between the slight error in the property's legal description and those alleged legal fees.

Still, Auld maintains that reformation was barred by laches, or a similar doctrine based on delay and resulting prejudice. But while the doctrine of laches seeks to prevent a less-than-diligent party from asserting a known right at the expense of another, it also requires the delay to cause prejudice. *See Aronovitch v. Levy*, 56 N.W.2d 570, 574 (Minn. 1953).

Here, Auld fails to articulate any prejudice stemming from the alleged delay in correcting the legal description. The application of laches largely depends on the facts of each case. *Id.* Under the facts and circumstances of this case, the district court did not err in granting the reformation and determining that laches or a similar doctrine based on delay and resulting prejudice were inapplicable.

### III.    The district court properly dismissed Auld's counterclaims.

Auld argues that the district court erred in dismissing his counterclaims based on res judicata.[4] Again, Auld raised four counterclaims: (1) violation of the Fair Debt

---

[4] In 2018, Auld sued the loan servicer and others in Minnesota federal district court alleging violations of the Fair Debt Collections Practices Act. The federal district court ultimately

Collections Practices Act (the Act); (2) predatory lending and appraisal fraud, (3) tortious interference with a contract, and (4) failure to conduct an accounting of the mortgage debts. The district court concluded that Auld's predatory-lending and tortious-interference counterclaims were abandoned, a determination that Auld does not challenge on appeal. "It is axiomatic that issues not argued in the briefs are deemed waived on appeal." *In re Application of Olson for Payment of Servs.*, 648 N.W.2d 226, 228 (Minn. 2002) (quotation omitted). Therefore, only the Act and accounting claims remain.

As a threshold matter, the district court dismissed Auld's Act and accounting claims based on both res judicata *and* the merits. Regarding Auld's request for relief under the Act, the court concluded that it did not apply to the bank because the bank is "not a debt collector." And the court concluded that Auld was not entitled to an accounting under Minnesota Statutes section 580.09 (2024) "because the subject mortgage is not for installments." The court also noted that the bank "submitted a verified payment history of the Loan indicating the amount unpaid and owed with its motion."

Auld fails to challenge these merits determinations and therefore forfeits any challenge to the dismissal on those grounds. *Application of Olson*, 648 N.W.2d at 228; *see Hunter v. Anchor Bank, N.A.*, 842 N.W.2d 10, 17 (Minn. App. 2013), *rev. denied* (Minn. Mar. 18, 2014) (affirming grant of summary judgment because the appellant failed

---

granted summary judgment for the defendants. *Auld v. New Penn Fin. LLC*, Civil No. 18-1303 (JRT/HB), 2020 WL 3577618, at *1 (D. Minn. July 1, 2020). Res judicata, which is also known as claim preclusion, prevents a party from relitigating claims after an adjudication of the dispute. *Hauschildt v. Beckingham*, 686 N.W.2d 829, 837 (Minn. 2004).

to challenge "an independent and sufficient basis" for that judgment). In sum, Auld's challenges to the dismissal of his counterclaims are unavailing.

**IV.    The district court did not abuse its discretion in denying Auld's motion for relief from final judgment.**

Finally, Auld argues that the district court abused its discretion in denying his motion under Minnesota Rule of Civil Procedure 60.02(f), which permits relief from final judgment based on "[a]ny other reason justifying relief from the operation of the judgment" not listed in the rule. Whether to grant rule 60.02 relief is "based on all the surrounding facts of each specific case[] and is committed to the sound discretion of the district court." *Gams v. Houghton*, 884 N.W.2d 611, 620 (Minn. 2016). Only in exceptional circumstances may a court grant relief under rule 60.02(f). *Kern v. Janson*, 800 N.W.2d 126, 133 (Minn. 2011).

Auld, without citation to legal authority, argues that the district court "failed to give due weight to the purpose" of the rule, which Auld asserts is "to allow decisions on the merits when fairness so requires." Auld also cites his "extraordinary health circumstances" and claims that the bank misrepresented the "procedural posture" of prior federal litigation and "wrongly asserted that it barred Auld's defenses."

But Auld failed to raise before the district court his arguments about his health and the bank's alleged misrepresentations. It is well established that a party may not raise an issue or argument for the first time on appeal. *Leppink v. Water Gremlin Co.*, 944 N.W.2d 493, 501 (Minn. App. 2020). Likewise, Auld's allegation that the district court failed to give his motion "due weight" is forfeited because his brief contains no supporting argument

11

or citation to legal authority, and we will not consider such arguments unless prejudicial error is obvious. *Louden v. Louden*, 22 N.W.2d 164, 166 (Minn. 1946). Here, there is no obvious error.

Regardless, the district court squarely addressed the argument that Auld raised in his rule 60.02 motion: whether summary judgment was improper because there were unaccounted for assignments of the note and, therefore, there was a genuine issue of material fact concerning the bank's authority to foreclose. Auld fails to challenge the district court's conclusions on that issue in his rule 60.02 arguments to this court. And, as previously discussed, there is no genuine issue of material fact concerning the bank's authority to foreclose.

**Affirmed.**